## W. W. ROLLINS v. THE STATE.

### No. 5008.  Decided May 1, 1918.

**Theft of Cattle—Circumstantial Evidence—Exculpatory Statement—Charge of Court.**

Where, upon trial of theft of cattle, the testimony was entirely circumstantial as to the original taking and defendant's possession was explained by him, the failure of the court to charge on circumstantial evidence as requested was reversible error.  Following Gentry v. State, 41 Texas Crim. Rep., 497, and other cases.

Appeal from the District Court of Garza.  Tried below before the Hon. W. R. Spencer.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. F. Cunningham,* for appellant.—Cited Branch's Ann. P. C., sec. 2428.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, Judge.—The conviction was for theft of cattle. The facts supporting the conviction are substantially these: J. F. Hartford was the manager of a ranch known as the Double U Company, and as such was in possession of its property, including cattle. About May 1, 1916, he lost three bulls branded with the figure 2 on the jaw and the figure 5 on the neck, and a tattoo and tag in the ear. Two of these cattle were later in July, 1916, found in the pasture of Norman Rogers. The brands had been changed. The figure 2 had been converted into an open A, the 5 into an 8, and the mark had also been changed. Rogers bought the bulls from appellant in the spring or summer of 1916, the date he did not remember. At the time he bought them the brands were an open A on the jaw and an 8 on the neck. A witness saw the appellant in the spring of 1916 brand a bull of the same description, changing the figure 2 on the jaw to an open A and the 5 to an 8. This witness said that the animal was traded or sold by appellant to Rogers. He saw only one of the bulls. Other witnesses testified that they had examined the animals later and that the brands had been changed. There was evidence of witnesses for appellant tending to show that he bought the bulls from Stiles, one of the State's witnesses. One witness testified that Stiles had told him that appellant got the bulls from him. They were at the time in a pasture which was under the control of appellant and Stiles. Appellant testified that Stiles let him have the bulls before he had sold them to Rogers; that he had purchased them, taking a bill of sale and giving a check, which were produced in evidence. He denied changing the brands. A State witness testified that appellant had said he got the bulls from another party.

The theft of the cattle was accomplished by their "taking." Appellant's connection with them after they were taken was proved by direct evidence. His possession of them was explained. The court in submitting the case failed to charge the law of circumstantial evidence. An exception was duly reserved. It seems clear under the authorities that the case rested upon circumstantial evidence, and that it was error to overrule appellant's exception to the charge based upon the failure to instruct on the law of circumstantial evidence. Many of the decisions of this court are collated in Mr. Branch's Ann. P. C., p. 1344, sec. 2478, among them the cases of Gentry v. State, 41 Texas Crim. Rep., 497; Pace v. State, 41 Texas Crim. Rep., 203; Crowell v. State, 24 Texas Crim. App., 404, and Willard v. State, 26 Texas Crim. App., 126, to the point that such admissions as were proved in the instant case would not take the case out of the rule of circumstantial evidence for the reason that they were accompanied by explanatory statements and were not

specific admissions of the "taking" of the property from the possession of the owner.

Because of the error pointed out the judgment of the lower court is reversed and the cause remanded.

· *Reversed and remanded.*