**ODEM v. SINTON INDEPENDENT SCHOOL DIST. (No. 257–3468.)**

(Commission of Appeals of Texas, Section A. Nov. 30, 1921.)

1. Officers ⟨☞⟩43—Acting without qualifying may make de facto officer.

A person may become a de facto officer, whose acts have the same binding force as those of a de jure officer, without compliance with the requirement that he take oath and give bond.

2. Officers ⟨☞⟩42—Appointee under irregular appointment is "de facto officer."

Ordinarily a person is a de facto officer where he enters into possession of the office and discharges its function under color of title acquired by appointment by those having the appointing power, though the appointment was irregular.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, De Facto Officer.]

3. Officers ⟨☞⟩41, 43—Color of title to make de facto officer must be fair; one evading qualifying in order to hold two offices not de facto officer.

The color of title under which a person becomes a de facto officer must be fair, and a person cannot become such an officer where he failed to take the oath and give the bond for the purpose of evading the constitutional provision against holding two offices.

4. Officers ⟨☞⟩100(2)—Assessor for school district cannot be held by city assessor.

Under Const. art. 16, § 40, prohibiting any person from holding at the same time more than one office of emolument, the office of assessor and collector for the independent school district created by Acts 35th Leg. (1917) c. 37, cannot be held by the city assessor and collector of a city located within the district.

5. Schools and school districts ⟨☞⟩103(1)—School district assessor held not de facto officer.

Where one appointed assessor and collector for an independent school district failed to qualify by taking the oath and giving the bond required, either because he accepted the office with the mental reservation that he would discharge its functions only if he could do so without giving up his city office or for the purpose of evading the constitutional prohibition against holding two offices of emolument, he did not hold the office under the fair color of title necessary to make him a de facto officer.

6. Officers ⟨☞⟩43, 55(2)—Qualification in second office is election to vacate first.

Where an officer accepts a second office of emolument which he cannot hold at the same time as he holds the first office, his qualification for the second office is an election to vacate the first office, but unless he makes such election he does not discharge the duties of the second office as an officer de facto.

7. Schools and school districts ⟨☞⟩103(1)—Assessment by person not de facto officer is void.

An assessment for taxation by an independent school district made by a person acting as assessor, but who was not even a de facto assessor, is void, and the collection of taxes based on such assessment can be enjoined.

8. Taxation ⟨☞⟩608(4)—Objection to void assessment not waived by appearance before equalization board.

Where an assessment was void because made by one who was not even a de facto officer, the objection was not waived by the taxpayer's appearance before the equalization board to seek a reduction of his assessment, since the board had no authority with respect to such assessment.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Suit by D. Odem against the Sinton Independent School District to enjoin the collection of a school tax. The judgment for defendant was affirmed by the Court of Civil Appeals (218 S. W. 106), and plaintiff brings error. Reversed, and judgment rendered for plaintiff.

Proctor, Vandenberge, Crain & Mitchell, of Victoria, and J. G. Cook, of Sinton, for plaintiff in error.

G. R. Scott and Boone & Pope, all of Corpus Christi, and J. C. Houts, of Sinton, for defendant in error.

TAYLOR, P. J. The Sinton independent school district was created by special act of the Legislature. Laws Regular Session 35th Leg. p. 151. The act, in addition to creating the district, prescribes the officers thereof and their duties, and provides for the assessment of taxes, their levy and collection. Section 9 of the act provides that the school board shall choose an assessor and collector of taxes for the district. Section 10 requires such officer to give bond, payable to the president of the board, conditioned for the faithful performance of duty.

The school board selected G. L. Cellum to assess and collect the taxes for the district. Cellum was at the time of his selection the city assessor and collector of taxes of Sinton, a town situated in the district. Both offices were offices of emolument. The minutes of the school board disclose that the board met on July 16, 1918, and instructed the president to see whom they could get to assess and collect the taxes, and at what per cent.; that on August 6th G. L. Cellum was employed "to assess and collect taxes at a per cent. to be agreed upon, not to go beyond four per cent."

Cellum testified as follows concerning his acceptance of the district office:

"I accepted from these trustees the appointment to the office of district assessor and collector under that order, but I did not know that I could not hold both offices, as they were both appointive, and I took them with the intention of assessing and collecting the school tax. Yes, sir; I took it with the intention of assuming that position. As to why it was I delayed making that bond until after I was through assessing, well, I did not really know I had to have the bond to do the assessing, but did know that I had to have it to do the collecting.

"Q. Then you accepted the position of assessor, if either? A. That is right. No; both, until the Attorney General ruled different."

Cellum testified that he commenced work on the rendition sheets in July; that he did not give bond as assessor and collector, and did not take the oath of office; that he had the county attorney write the Attorney General of the state for a ruling on the question of whether he could hold the position of tax assessor and collector of the school district, and at the same time that of assessor and collector for the town of Sinton; that the Attorney General ruled he could not hold both offices at the same time, and that thereupon (along in September) he told Mr. Lewis, chairman of the board, he would have to resign his position as school district assessor and collector because he could not hold both offices. Cellum testified concerning his failure to take the prescribed oath and give the required bond as follows:

"Yes, sir; at that time (June, 1918) I knew that to become a public officer it was necessary to take the oath of office. I already held a public office at that time. I knew that to collect I would have to give bond, because it was handling money. I never did give bond and never took the oath of this office. * * * It is not a fact that * * * the reason I did not qualify was that feeling that by so doing I might vacate my office of city secretary and collector, and that was not the reason I did not qualify as an officer of the school district. I asked Mr. Russell to find out whether or not I could hold the position, and if I could I would give bond, and, if not, there was no use to make a bond.

"Q. Your position was that you would not take the office if by doing so you would lose the other position you held as city. secretary? A. I didn't want to violate the law, if it was against the law to hold the two offices."

The following is a minute of the meeting of September 23, 1918, of the school board:

"The board met in special called session. Moved and seconded that because it was unlawful for G. L. Cellum to act as assessor and collector because of holding other office that his wife be elected to that position. Carried."

O. E. Smith, one of the school trustees, testified as follows:

"As a matter of fact, we took the matter up with the Attorney General. That was the reason he (Cellum) did not give bond and accept the office."

Prior to the election of Mrs. Cellum to act as assessor and collector of the district, Cellum undertook to assess the taxes in the district; and at the time she gave bond and qualified the assessments had been made by him and turned in. In this case the assessment sheets were signed by the person rendering the property. The school board, sitting as a board of equalization, heard complaints of the property owners, including plaintiff in error, concerning the raise in valuation of their respective properties for the purpose of taxation.

This suit was filed by D. Odem to enjoin the school district and its officers from collecting the school tax assessed by Cellum against his property. Injunction was sought on the ground that Cellum was not a legal assessor of the district taxes, and that his entire action with reference to the purported assessment was wholly void. Section 40, art. 16, of the Constitution of Texas was invoked by Odem, which provides that no person shall hold or exercise at the same time more than one civil office of emolument, except certain offices not necessary to mention. The trial judge in upholding Cellum's action as school district assessor made the following finding:

"As a matter of law, I find that G. L. Cellum was a de facto assessor and collector of taxes for the Sinton independent school district for the year 1918; that no legal impediment stood in the way of his becoming the de jure officer, as his qualification by giving the bond and taking the oath would have operated to vacate his office as city secretary, but the fact that he held the office of city secretary was no impediment in his way of qualifying as assessor for the Sinton independent school district. The fact of whether or not he did vacate the office of city secretary is not a matter for this court to consider in this case."

The Court of Civil Appeals affirmed the judgment of the trial court denying plaintiff in error the relief sought. 218 S. W. 106.

It is stated in the opinion of the Court of Civil Appeals that Cellum "tenaciously held to his office of city assessor and collector"; but the court was of opinion that that fact could add no validity to, or in any manner affect his employment in the district office. It was the view of the court that Cellum entered into possession of the district office and discharged its functions under color of title or authority acquired from the selection of Cellum by the school board; that he was a de facto officer, notwithstanding he failed to take the required oath or give the required bond; that the appointment of Cellum by the board was merely irregular and informal. The court viewed the appointment as though Cellum had been a private citizen and held no office of any kind prior to undertaking the duties of the district office, entertaining, apparently, the view of the trial court that it did not devolve upon that court

to consider the question of whether Cellum vacated the city office.

[1, 2] We cannot concur in the conclusion reached. It is true that a person may become a de facto officer, and his acts have the same binding force as those of a de jure officer, without compliance on his part with the requirement to take the oath of office, or without the giving of the required bond; also that ordinarily a person is a de facto officer where he enters into the possession of an office and discharges its function under the color of title acquired from an appointment by those having the appointing power, as in this case, notwithstanding the appointment may have been irregular.

[3] It is equally true, however, in our opinion, that a person cannot be a de facto officer unless the color of title under which he holds is fair, and that his acts under the guise of de facto officer can have no validity where his failure to take the oath and give the bond was for the purpose of evading a plain constitutional prohibition against the thing he was attempting to do.

[4] It is clear that Cellum could not hold his office as city assessor and collector, and at the same time act as de facto assessor and collector of the school district. The Constitution prohibits the holding and exercise of two such offices. Section 40, art. 16, Constitution of Texas. He could not hold or exercise both offices in either a de jure or de facto capacity.

It was with the knowledge of the school board that inquiry was made of the Attorney General to determine whether Cellum could hold both offices. Cellum stated he knew it was necessary to take the oath and give bond as such officer. He asked Mr. Russell, the county attorney, to find out whether he could hold the school district position and continue to hold his city office. In the event he could hold it it was his intention to give bond, and in the event he could not hold it he would not make the bond. He was frank enough to say that he did not want to violate the law if by holding the two offices he would do so. One of the trustees testified that they took the matter up with the Attorney General, and for that reason Cellum did not give bond and accept the office. It is clear that there was a doubt in the mind of Cellum and on the part of the school board as to whether he could hold both offices. It is clear also that he did not intend to vacate the city office.

[5] One of two conclusions is inescapable, either that Cellum's attempted acceptance of the office was conditional and with the mental reservation that he would discharge its functions only in the event he could do so without giving up his city office, or that he accepted the office unconditionally and failed to take the oath and give the required bond deliberately, and for the purpose of evading the constitutional prohibition against holding two offices of emolument at the same time. In either event he did not hold the office of district assessor and collector under that fair color of title necessary to constitute him a de facto officer. It is immaterial in determining whether Cellum was de facto district assessor that he did not know he could not hold both offices. He could not, without vacating the city office, hold and exercise the functions of the district office; and he could not continue to hold the city office, as he intended at all times to continue to do, and at the same time accept the district office.

[6] It is true that Cellum could have elected which office he would hold. Had he qualified in the district office, it would have been an election on his part to hold that office and to vacate the city office. Biencourt v. Parker, 27 Tex. 558; State ex rel. Kingsbury v. Brinkerhoff, 66 Tex. 45, 17 S. W. 109. The public was entitled to know which office he held and was as much interested in the exercise of the power of one as the other. Stubbs v. Lee, 64 Me. 195, 18 Am. Rep. 251. Fair dealing with the public required that he make an election. The school board could not in fairness permit him to hold tenaciously to the city office, as the Court of Civil Appeals states he did, and permit him to proceed to discharge the functions of the district office under the circumstances disclosed by the record. The board, while countenancing his failure to elect which office he would hold, and to that extent conniving at it, could not bestow upon him, by informally choosing him to assess and collect the taxes of the district, such color of title to the office as to constitute him a de facto officer.

The status of Cellum with respect to whether he was holding the city office at the time he attempted to accept and exercise the functions of the district office cannot be disregarded. He, while engaged in assessing the district taxes and while holding the city office, cannot be viewed in the light of a private citizen holding no office of emolument. If, under the facts stated, Cellum's acts in the city office were assailed, it could not be held that his office had been vacated. By that test, which is a proper one under the circumstances, the only conclusion to be reached would be that he had not vacated his city office, but was still holding it.

[7] In the absence of a valid election by Cellum to hold the district office, and not having vacated the city office, he was not even a de facto district officer. His acts as assessor of the taxes of the school district were therefore void.

We have not deemed it necessary to discuss the authorities cited by the Court of Civil Appeals, and others relied on by defendant in error, as none of them present a state of facts similar to those disclosed by the record.

[8] In view of the fact that the assessment of plaintiff in error's property was void, he did not waive, nor is he estopped from asserting, its invalidity on account of protesting to the board of equalization against the raise of valuation, since the board had no authority with respect to the assessment.

We recommend that the judgments of the trial court and Court of Civil Appeals be reversed, and that judgment be rendered in favor of plaintiff in error enjoining defendant in error from collecting the taxes under the assessment complained of.

GREENWOOD and PIERSON, JJ. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.