### J. R. GERMANY v. THE STATE.

No. 11317.   Delivered February 8, 1928.

Rehearing denied March 14, 1928.

**1.—Misapplication of Public Funds—Officer de Facto—Is Criminally Liable.**

Where, on a trial for misapplication of public funds by appellant, who was averred to be tax collector of the City of Lubbock, the burden was upon the state to prove that he was tax collector of said city, but proof

that he was such de facto was sufficient. An officer de facto is criminally liable for malfeasance in office. See Art. 95, P. C.; Dickey v. State, 144 S. W. 271, and other cases cited in original opinion.

## 2.—Same—Continued.

Where the state's testimony shows that appellant's claim to the office of tax collector was open and notorious, which together with his performance of the duties thereof for several years, with the acquiescence and general recognition of the governing body and citizenship, established his reputation of being the officer he assumed to be, such facts are sufficient to constitute one a de facto officer. See Ex Parte Tracy, 93 S. W. 538, and other cases cited in original opinion.

## 3.—Same—Continued.

The fact that appellant performed the duties of city secretary and city collector, at the same time, did not, within itself, divest him of the character of tax collector de facto. A person may be a de facto officer though ineligible to such office. See Broach v. Corth et al., 50 S. W. 594, and other cases cited in original opinion.

## 4.—Same—Continued.

However, under authorities cited and quoted, two persons cannot, at the same time, be in the actual occupation and exercise of an office for which the law provides only one incumbent. Thus an officer de jure and an officer de facto cannot be in possession of the same office at the same time, nor can two different officers de facto be in an office for which the law provides only one incumbent. See Cyclopedia of Law and Procedure, Vol. 29, p. 1391; Mechem on Public Officers, Secs. 322 and 323.

## 5.—Same—Charge of Court—On Circumstantial Evidence—Erroneous.

Where the case rests wholly upon circumstantial evidence it. is error for the court to charge the jury that "When the evidence is in part circumstantial and in part direct, and taken altogether leaves no reasonable doubt of the guilt of the accused, he should be convicted" for the reason that it carries the inference to the jury that the case rested partly upon circumstantial evidence and partly upon direct evidence. Following Pabst et ux. v. State, 259 S. W. 577.

ON REHEARING BY STATE AND APPELLANT.

## 6.—Same—Evidence—Of Being de Facto Officer—Sufficient.

On rehearing, appellant asks that the original opinion be modified, contending that in holding that on the facts the appellant was shown to be a de facto tax assessor and collector of the City of Lubbock this court came in conflict with the case of Odem v. Sinton Independent School District, decided by the Commission of Appeals and sanctioned by the Supreme Court, reported in 234 S. W. 1090. We cannot agree with this contention.

## 7.—Same—Continued.

In the instant case it was shown that while appellant was de jure secretary of the City of Lubbock he also performed all the duties of and held himself out for years to be the tax collector of said city. Under the charter of the City of Lubbock, the city was authorized to consolidate the office of tax collector and city secretary, and therefore such offices were not *"incompatible."*

**8.—Same—Continued.**

It is the law in this state, both constitutional and statutory, that one person cannot hold two offices of emolument at the same time, in this state, with specified exceptions.   Our Supreme Court in construing these laws has said "The general rule, therefore, that the acceptance of and qualification for an office *"incompatible"* with one then held, is a resignation of the former.   (State of Texas v. Brinkerhoff, 66 Texas Rep. 47.)

**9.—Same—Continued.**

From the holding of the Supreme Court, it seems that where one who holds an office of emolument, accepts the appointment and qualifies in another *incompatible* office his authority may be challenged in a *collateral attack.*

**10.—Same—Continued.**

It was not claimed in the case that appellant, while holding the office of city secretary, qualified also as city tax collector.   He merely performed the duties of the latter office with the consent and acquiescence of city authorities, and was charged with misapplying city funds which came into his hands by virtue of his performance of the duties of city tax collector.

**11.—Same—Continued.**

In the Odem case the facts and legal questions presented were entirely different.   Odem was a citizen who sought to enjoin the collection of a district school tax because the collector, G. L. Cellum, was assessor and collector of taxes of the town of Sinton, when appointed collector of the school district and had never legally qualified as collector of the school district.   The opinion in that case holding that Cellum's refusal to comply with the law, and to take the oath of office and make bond as district collector, he was neither a de jure nor de facto officer of the school district.

Appeal from the District Court of Lubbock County.   Tried below before the Hon. Clark M. Mullican, Judge.

*Vickers & Campbell, W. F. Schenck* and *Bledsoe & Crenshaw* of Lubbock, for appellant.

*Lockhart & Garrard, F. D. Brown* and *A. A. Dawson,* State's Attorney, for the State.

CHRISTIAN, JUDGE.—Conviction for misapplication of public funds by officer of incorporated city, punishment confinement in the penitentiary for five years.

Art. 95, P. C., denounces the offense of which appellant was convicted.   He was charged with committing the offense while holding the office of tax collector of the City of Lubbock. It was incumbent upon the state to establish in evidence beyond a reasonable doubt that appellant held the office described in the indictment.   Dickey v. State, 144 S. W. 271; Warsick v. State, 35 S. W. 386; Taylor v. State, 16 S. W. 302.

The burden in the respect mentioned would have been discharged by establishing that appellant was city collector de facto. An officer de facto is criminally liable for malfeasance in office. Florez v. State, 11 Tex. Ct. of App. 102; Mechem on Public Officers, Section 336; Cyclopedia of Law and Procedure, Vol. 29, p. 1394; Bishop on Criminal Law (9th Ed.), Vol. 1, p. 339.

The charter of the City of Lubbock provided for the office of city secretary and that of city tax collector. The city commission had authority to consolidate said offices. No such action had been taken, and on the date appellant was alleged to have committed the offense, he was performing the duties of secretary, having been appointed to that position by the city commission, and, according to the state's testimony, he was also performing the duties of tax collector, having acted in the capacity of tax collector for several years with the acquiescence and recognition of the governing body of the city and the public generally. Under the city charter, an official was prohibited from at the same time holding more than one office. According to appellant, he occupied the position of city secretary and one Holland was tax collector. In support of his contention, appellant showed that he had employed Holland as tax collector pursuant to a resolution of the city commission; that Holland had drawn his salary from the city for his services, maintained an account in the bank as tax collector, and performed generally the duties of the office; and that he, appellant, drew only his salary as city secretary. Holland had never executed a bond and taken the official oath prior to the indictment of appellant. He disclaimed any right to the office and asserted that he was appellant's deputy collector. Other than that the record shows that appellant entered into bond in 1923, in an amount required of the city tax collector, the record is silent as to the appointment of appellant to the office of tax collector. Also the record fails to show that he duly qualified as city secretary.

The state's testimony shows that appellant's claim to the office of tax collector was open and notorious, which together with his performance of the duties thereof for several years with the acquiescence and general recognition of the governing body and citizenship, established his reputation of being the officer he assumed to be. Such facts are sufficient to constitute one a de facto officer. In the case of Ex Parte Tracey, 93 S. W. 538, after discussing many cases dealing with the subject of de facto officers, Judge Henderson said:

"In all these cases the doctrine is announced that, while a de facto officer may be one who holds under a color of election or appointment, which may not be altogether regular, there is still another class who may be de facto officers without regard to any election and appointment; that is, one who exercises the duties of an office for a length of time, and acquiescence on the part of the authorities and of the public. In such cases the incumbent, regardless of his induction, may be considered a de facto officer. The whole doctrine of de facto officer is founded upon policy and necessity, in order to protect the public and individuals where they may become involved in the official acts of persons discharging the duties of an office, without being lawful officers."

See also Burkhardt v. State, 202 S. W. 513; City of Christine v. Johnson, 255 S. W. 629; Cooley's Constitutional Limitations (8th Ed.), p. 1356; R. C. L., Vol. 22, Sec. 315, p. 594; McQuillan's Munic. Corp., Vol. II, Sec. 480.

The fact that appellant performed the duties of secretary and collector at the same time did not, within itself, divest him of the character of tax collector de facto. If Sec. 40, Art. 16, of the Constitution, which prohibits one person from holding or exercising, at the same time, more than one civil office of emolument, was applicable to appellant's case, he was merely rendered ineligible by virtue thereof to hold the office of tax collector. Of like effect was the prohibition of the city charter upon the subject. A person may be a de facto officer though ineligible to such office. Broach v. Carth et al., 50 S. W. 594; Graves v. M. Griffin O'Neil & Sons, 189 S. W. 778. In the case of Woodside v. Wagg, 71 Maine Rep. 207, the court was concerned with the question of the validity of the acts of a judge who had vacated his office by accepting an election to the legislature. After qualifying and acting as a member of that body, he performed the acts in question, as judge of a court. In upholding the validity of his acts, the court referred to the fact that the offices of judge of the municipal court and member of the legislature were incompatible under the Constitution of the State of Maine and that the acceptance and qualification for one of the offices while holding the other would be a resignation from the first office. The court stated the question under consideration thus: "But the immediate question under consideration is, what was the character of his acts, as to validity or invalidity, during such continuance in the exercise of the duties of his judicial office, after expiration of the legal tenure. They must be void, unless they are to be upheld on the

ground that a judge holding over under such circumstances is to be regarded as an officer de facto." The conclusion was reached, after reviewing the authorities on the subject, that no other person having been appointed judge in his stead, he was a justice de facto. In Sheehan's Case, 122 Mass. Rep. 445, the court, in dealing with a similar state of facts, said: "The petitioner, in denying the jurisdiction of the police court in Lynn, rests his claim to be discharged upon the qualification of Mr. Hawkes (who, as special justice of that court, passed the sentence and ordered the commitment) by reason of the 8th Article of Amendment to the Constitution, which declares that no judge of any court of this commonwealth (except the court of sessions) shall at the same time have a seat in the Senate or House of Representatives. But if Mr. Hawkes, upon taking his seat in the House of Representatives, ceased to be a justice de jure, he was, by color of the commission which he still assumed to hold and act under, having the usual signs of judicial office—sitting in the court, using its seal, and attended by its clerk—and no other person having been appointed in his stead, a justice de facto." See also Mechem on Public Officers, Sec. 329.

Two persons can not, at the same time, be in the actual occupation and exercise of an office for which the law provides only one incumbent. Thus an officer de jure and an officer de facto can not be in possession of the same office at the same time, nor can two different officers de facto be in an office for which the law provides only one incumbent. Cyclopedia of Law and Procedure, Vol. 29, p. 1391; Mechem on Public Officers, Secs. 322 and 323.

The court charged the jury on the law of circumstantial evidence as follows:

"So far as this case rests upon circumstantial evidence, you are instructed that to warrant a conviction upon circumstantial evidence the circumstances must not only be consistent with the guilt of the accused but inconsistent with any other reasonable hypothesis or conclusion. The circumstances relied upon must be consistent with each other and with the facts intended to be established, and when taken altogether must lead to a satisfactory conclusion, and leave the mind without a reasonable doubt as to the guilt of the accused. But when the evidence is in part circumstantial and in part direct, and taken altogether leaves no reasonable doubt of the guilt of the accused he should be convicted, otherwise you shall acquit."

A number of exceptions were presented to this charge, among them being that it had the effect of carrying the inference to the jury that the case rests partly upon circumstantial evidence and partly upon direct evidence. As we understand the record, the case rests wholly upon circumstantial evidence. The main fact to be proved was the appropriation of the money in question by appellant. The only statement appellant appears to have made relative to the matter was that he told one of the state's witnesses that he "guessed" the money went to his personal account. We do not understand such statement to be a specific admission of the appropriation of the money. It was equivocal in nature. Branch's Anno. P. C., Sec. 2478; Rollins v. State, 203 S. W. 355. There being no direct evidence of the appropriation of the city's property by appellant, the case rests wholly upon circumstantial evidence. It, therefore, follows that the charge complained of was error. Attention is called to the fact that the charge is deficient in failing to instruct the jury that each fact necessary to establish the guilt of the accused must be proven by the evidence beyond a reasonable doubt. The charge under consideration here is practically a verbatim copy of the charge in the case of Pabst et ux. vs. State, 259 S. W. 577. The facts in that case showing that the case rested wholly upon circumstantial evidence, the charge was held erroneous for the reason that it carried the inference to the jury that the case rested partly upon circumstantial evidence and partly upon direct evidence.

We do not deem it necessary to discuss the other questions presented by appellant.

For the error mentioned, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING BY STATE AND APPELLANT.

MORROW, PRESIDING JUDGE.—The state's motion for rehearing asserts that the case is not one of circumstantial evidence. We are unable to bring ourselves in accord with this view, and deem a further discussion of the subject unnecessary.

Appellant, in his motion for rehearing, asks that the original opinion be modified, contending that in holding that on the

facts the appellant was shown to be a de facto assessor and collector of the City of Lubbock, this court came in conflict with the decision of the Commission of Appeals sanctioned by the Supreme Court in the case of Odem v. Sinton Independent School District, reported in 234 S. W. 1090. The facts are set forth in the original opinion. By a special act of the Legislature, the Sinton Independent School District was created and therein were provisions for the appointment of a district assessor and collector of taxes, and the requirement that such officer make bond payable to the president of the board. G. L. Cellum was appointed to the office by the school board, and at the time of such appointment, Cellum was assessor and collector of taxes of the town of Sinton, situated in the school district mentioned. Cellum accepted the office of assessor and collector of taxes of the school district, but did not file oath or bond. Odem, a taxpayer, brought suit to enjoin the collection of the school district tax on the ground that Cellum was not its legal assessor and collector. The trial court and the Court of Civil Appeals denied the relief sought by Odem. A writ of error was granted by the Supreme Court and the case referred to the Commission of Appeals. A reversal was ordered, the court holding that by reason of Cellum's conduct in retaining the city office and refraining from complying with the law in the matter of oath and bond in the district office, he was neither a de jure nor de facto officer of the school district. It was the position of the Court of Civil Appeals that Cellum was a de facto officer of the school district. See Welder v. Sinton Independent School District, 218 S. W. 107.

In the opinion of the Commission of Appeals in the case of Odem v. Sinton Independent School District, 234 S. W. 1090, stress is laid upon the fact developed upon the trial that Cellum's purpose in failing to take oath and give bond as an officer of the school district was in order to evade the constitutional prohibition against the holding of two offices of emolument at the same time.

The points of difference between the case at bar and the one under discussion seem marked and important. In the civil case, the officer's acts were attacked by a citizen as illegal, claiming that his property rights were illegally affected by an individual who was clothed with no legal authority; that the individual was ineligible to appointment, and with the knowledge and concurrence of the appointing powers, refrained from complying with the constitutional and statutory demand that he make oath

and bond, expressly to evade the effect of the provision of the Constitution which forbid the holding of two offices of emolument by one individual at the same time. In the civil case, moreover, the person in question was attempting to hold the offices of two distinct public corporations, namely, the city and the school district, and enjoying compensation from each.

In Art. 16, Sec. 40, of the State Constitution the following is found:

"No person shall hold or exercise, at the same time, more than one civil office of emolument, except that of justice of the peace, county commissioner, notary public, and postmaster, unless otherwise specially provided herein."

It has been said by the Supreme Court that one qualifying for the second office thereby vacates the first office. However, in making that declaration, this language is used:

"The general rule, therefore, that the acceptance of, and qualification for, an office *incompatible* with one then held is a resignation of the former." State of Texas v. Brinkerhoff, 66 Tex. Rep. 47.

See also Biencourt v. Parker, 27 Texas Reports, 562.

Just what significance is attached to the use of the term "incompatible office" is not clear, as the section of the Constitution quoted does not use the word "incompatible." However, in many of the books it is made manifest that there exists a distinction between the occupancy of an office incompatible and one that is compatible. See Words & Phrases (old series), Vol. 4, p. 3507; Ruling Case Law, Vol. 22, p. 418, Sec. 63. At common law, the inhibition against an individual holding more than one office was limited to offices that were *"incompatible."* See Ruling Case Law, supra. The usual method of ousting an officer is by direct attack in a quo warranto proceeding. See Cyc. of Law & Proc., Vol. 32, p. 1410. From the holding of the Supreme Court, it seems that where one who holds an office of emolument accepts the appointment and qualifies in another *incompatible* office, his authority may be challenged in a collateral attack. In the charter of the City of Lubbock adopted under Art. 11, Sec. 5, of the Constitution, the following provision is found:

"Section 22. The commission shall create and consolidate such appointive offices as may divide the administration of the city affairs into such departments, as they may deem advisable, and may discontinue any such appointive officer or department at their discretion, except the office of city manager."

In view of this provision, it may safely be said that the offices of city secretary and city collector were not, in the general sense, *incompatible,* and the same may not be said concerning the office under consideration by the Commission of Appeals in the case of Oden v. Sinton Independent School District, supra. That case, moreover, as stated above, was dealing with the complaint of a citizen against the illegal assessment of his property by a person who was nominally the assessor of a school district, but who was ineligible by reason of his occupancy of an incompatible office and by reason of his purposely refusing to execute the oath or bond as tax assessor and collector of the district office.    In the present instance it is not a citizen who challenges the appellant's incumbency, but he, conceding for the purpose of this appeal that he has, with the consent of the governing body, acted as tax collector for years and under circumstances sufficient to constitute him a tax collector *de facto,* if not *de jure,* challenges the right of the public to prosecute him for misapplication of public funds received by virtue of his conduct of the office mentioned on the ground that the evidence indicates that while he performed the functions of tax collector, he also performed the functions of city secretary.    The commission having power to consolidate the offices of secretary and collector, and assign the duties to one person, and having by long course of dealing recognized the authority of the appellant to act as collector, was not, it is believed, precluded from holding him responsible for his acts as collector by the failure of the city authorities to pass an ordinance of consolidation.    In our judgment, the conclusion reached and stated in the original opinion is bottomed on facts and legal principles so variant from those reflected by the decision of the Commission of Appeals in the case of Odem v. Sinton Independent School District, supra, as to render untenable the claim of the appellant that there is a conflict between the opinion of this court and that of the Supreme Court.

The motions for rehearing, filed by both the state and the appellant, are overruled.

*Overruled.*