

THE ATTORNEY GENERAL
OF TEXAS

GERALD C. MANN
~~ATTORNEY GENERAL~~

AUSTIN 11, TEXAS

Hon. Alex F. Cox
District Attorney
36th Judicial District
Beeville, Texas

Dear Sir:

Opinion No. O-1515
Re: (1) Is a commissioners court
empowered to appoint as shreiff
a non-resident of the county to
serve out the unexpired term of
the duly elected sheriff who has
resigned?
(2) If such appointment is made,
can the appointee legally hold the
office of sheriff during the term
of the appointment?
(3) Would the fact that the ap-
pointee is a State Ranger who
formerly maintained his residence
in the county, but who for the
past 18 months has resided else-
where with his family, make any
difference with regard to the
legality of the appointment?

Your request for an opinion on the above-stated
questions has been received by this department.

Article 2927, Vernon's Civil Statutes, reads as
follows:

"No person shall be eligible to any State, county,
precinct or municipal office in this State unless he
shall be eligible to hold office under the Constitution
of this State, and unless he shall have resided in this
State for the period of twelve (12) months, and six (6)
months in the county, precinct or municipality, in which
he offers himself as a candidate, next preceding any
general or special election, and shall have been an
actual bona fide citizen of said county, precinct or
municipality for more than six (6) months. No person
ineligible to hold office shall ever have his name
placed upon the ballot at any general or special elec-
tion, or at any primary election where candidates are

selected under primary election laws of this State; and no such ineligible candidate shall ever be voted upon, nor have votes counted for him, at any such general, special or primary election."

Article 2928, Vernon's Civil Statutes, provides:

"Neither the Secretary of State, nor any county judge of this State, nor any other authority authorized to issue certificates, shall issue any certificate of election or appointment to any person elected or appointed to any office in this State, who is not eligible to hold such office under the Constitution of this State and under the above Articles; and the name of no ineligible person, under the Constitution and laws of this State, shall be certified by any party, committee, or any authority authorized to have the names of candidates placed upon the primary ballots at any primary election in this State; and the name of no ineligible candidate under the Constitution and laws of this State shall be placed upon the ballot of any general or special election by any authority whose duty it is to place names of candidates upon official ballots."

Our courts have uniformly held that a party who is duly appointed or elected as an officer is a de facto officer, although he may be in law disqualified from acting. See the cases of Germany vs. State, 3 S.W. (2d) 798; Broach vs. Garth, 50 S.W. 594; and Shirber vs. Culberson et al, 31 S.W. (2d) 661, and authorities cited therein.

In view of the foregoing authorities, questions numbered 1 and 2, above quoted, are answered in the negative.

Section 9 of Article 16 of the State Constitution reads as follows:

"Absence on business of the State or of the United States, shall not forfeit a residence once obtained, so as to deprive anyone of the right of suffrage, or of being elected or appointed to any office under the exceptions contained in this Constitution."

In opinion No. O-1263, this department held that "a party cannot hold the office of deputy sheriff and special ranger at the same time." We enclose a copy of this opinion for your convenience.

In view of the above-mentioned opinion, it is apparent that a party cannot hold the office of sheriff so long as he remains a State Ranger.

In view of the foregoing authorities, you are respectfully advised that it is the opinion of this department that if the appointee to the office of sheriff maintained his legal residence in the county where such appointment is to be made during the past eighteen months he was absent from the county on business of the State as a State Ranger, and still maintains his legal residence in such county, he can be legally appointed sheriff of such county. However, if such appointee did not maintain his legal residence in the county where such appointment is to be made during the past eighteen months he has been absent from the county, he cannot be legally appointed sheriff of the county.

Trusting that the foregoing fully answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

s/ Ardell Williams

By          Ardell Williams
                    Assistant

APPROVED OCTOBER 20, 1939
s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By BWB, Chairman

AW:pbp/cg_