

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable B. I. Walters
County Auditor
Smith County
Tyler, Texas

Dear Sir:

Opinion No. O-989
Re: May the county auditor
serve on the Board of Educa-
tion of Tyler Public Schools
without pay.

   This will acknowledge receipt of your letter of June 16, 1939, addressed to the Attorney General of Texas, which letter is as follows:

   "I am serving on the Board of Education Tyler Public Schools. This position is filled by appointment made by the City Commissioners, there is no emoluments whatsoever for this service. On June 12th I took the oath of Office and am now serving as County Auditor of Smith County. This office has nothing to do with City or Independent School Funds or affairs. Will I be permitted under the law to hold both positions?"

   And in compliance with the request made, this is to advise Article 16, Section 40 of the Constitution of the State of Texas, provides in part:

   "No person shall hold or exercise, at the same time, more than one Civil Office of emolument, except that of Justice of peace, County Commissioner, Notary Public and Postmaster. . . ."

   Thus it can be seen that no person can exercise or hold more than one civil office of emolument at the same time except those officers hereinabove certified as is provided by the Article and section cited of the Constitution of Texas.

   In answer to your request, we shall first address our-selves to that line of decisions regarding offices of emolument wherein the courts have discussed the question whether or not a

Hon. B. T. Walters, Page 2

person can hold such offices at one and the same time. We first cite the case of Truitt v. Glen Rose SchoolDistrict No. 1, by the Commission of Appeals of Texas, as found in 64 S. W. (2d) 1004, in which it was stated:

"Perry Kugle, in the Democratic Primary held on July 28, 1928, received the nomination for sheriff and tax collector of Somervell county and was there- after, on November 5, 1928, elected to that office."

However, on October 23, 1928, the trustees of the Glen Rose Independent School District appointed the said Perry Kugle as collector of taxes for said independent school district, and on November 8, 1928, (three days after his election as sheriff and tax collector), he executed a bond which was by the board of trustees accepted in the sum of $6,000 with J. E. Ward, J. O. Pruitt, and R. S. Darnaby, as sureties, payable to the board of trustees of the district and their successors in office, carrying the usual conditions with reference thereto, and on the same day Kugle took the oath of office to faithfully and impartially perform all the duties incumbent upon him as tax collector, etc.

Subsequent thereto, on January 1, 1929, Kugle took the oath of office and made the bond required by law, as the sheriff and tax collector of Somervell county and entered upon the duties of that office and he was elected to succeed himself in the fall election of 1930, and on or about January 1, 1931, took the oath of office and entered into bond as required by law, for a second term as sheriff and tax collector of Somervell county.

The Glen Rose School District was an independent school district and no order was ever entered by a majority of the board of trustees of the district as is provided by Article 2792, Revised Civil Statutes of Texas, 1925, to have the taxes of the Glen Rose Independent School District assessed and collected by the county assessor and collector, and after the said Kugle had taken the office of sheriff and tax collector of Somervell county he continued to col- lect the taxes for the Glen Rose Independent School District and continued to act as both such tax collector for the Independent School District and for Somervell county.

Thereafter Kugle defaulted on his bond as tax collector for the school district and suit was brought thereon. This case is recorded in 50 S. W. (2d) 375 where the Court of Civil Appeals passed upon the matter. A Writ of Error was granted, and in passing upon this case, the Commission of Appeals had this to say:

"Here, we have two separate taxing bodies with two separate assessing officers and two separate tax collectors, their duties separate and distinct. Avery v. Cooper, 180 S. W. 734; Miller v. Vance 180 S. W. 739.

"The Court of Civil Appeals correctly held that the tax collector of this particular district and the tax collector of the county are therefore two separate and distinct offices, each of emolument (Odem v. Sinton Independent School District (Tex. Com. App.) 234 S. W. 1090; Jenkins v. Autry (Tex. Civ. App.) 256 S. W. 672), and when Kugle qualified as county tax collector, he automatically forfeited his right to the office of collector for the school district, because the holding of both said offices at the same time by the same person is within the prohibition of article 16, Sec. 40, of our State Constitution."

In the case of Odem v. Sinton Independent School District by the Texas Commission of Appeals as found in 234 S. W. 1090 to 1092, one G. L. Cellum, City Assessor and Collector of the City of Sinton, was selected by the School Board to assess and collect taxes for the school district. He undertook to assess the taxes in the district. Proceedings were begun by certain taxpayers of the district to enjoin the collection of the school tax. Cellum never took the oath or gave bond as district assessor and collector, being doubtful whether he could hold both such offices, and the Attorney General in the meantime having ruled he could not hold both offices at the same time, and Judge Taylor of the Commission of Appeals in that case said:

"It is clear that Cellum could not hold his office as city assessor and collector, and at the same time act as de facto assessor and collector of the school district. The Constitution prohibits the holding and exercise of two such offices. Section 40, art. 16, Constitution of Texas. He could not hold or exercise both offices in either a de jure or de facto capacity."

This matter is summarized in Tex. Jurisprudence, Vol. 34, p. 354, as follows:

"Having elected to accept and qualify for the second office, ipso facto and as a matter of law, he vacates the first office. This is true, where both offices are places of emolument, regardless of whether they are incompatible,

and if they are incompatible there is a vacation of the first office regardless of whether both are offices of emolument within the meaning of the Constitution. In such circumstances the constitutional provision that all officers shall continue to perform the duties of their offices until a successor has been qualified does not apply."

The view hereinabove expressed is supported by the Commission of Appeals in the case of Thomas et al v. Abernathy County Line Independent School District as found in 290 S. W. 152. In this case one Lindsey and one Smith were elected and qualified as school trustees in April, 1924; thereafter, about September 3, 1924, they were elected and qualified as aldermen of the town.

In passing upon the matter as to whether or not these two men were school trustees, the court had this to say:

"In our opinion the offices of school trustee and alderman are incompatible; for under our system there are in the city council or board of aldermen various directory or supervisory powers exertable in respect to school property located within the city or town and in respect to the duties of school trustee performable within its limits-e.g., there might well arise a conflict of discretion or duty in respect to health, quarantine, sanitary, and fire prevention regulations. See articles 1015, 1067, 1071, R.S. 1925. If the same person could be a school trustee and a member of the city council or board of aldermen at the same time, school policies, in many important respects, would be subject to direction of the council or aldermen instead of to that of the trustees.

"The result of this incompatibility is that Smith and Lindsey vacated the offices of school trustees when they qualified as aldermen. State v. Brinkerhoff, 17 S. W. 109. . ."

And in this respect the court further said:

"In view of what has been said, the question whether the office of school trustee or that of alderman is an office of 'emolument' within the terms of section 40, art. 16, of the Constitution, is immaterial, and in respect to that question we do not express or imply a conclusion." (Underscoring ours)



We come now to the question of compatibility of the offices in question. It is shown by your letter that the Board of Education of Tyler Public Schools is filled by appointment made by the city commissioners and there are no emoluments whatever for this service. And, of course, as a matter of law, you have been appointed by other proper authorities as county auditor of Smith County.

Thus it can be seen that you have been appointed to the two offices in question by two different and distinct bodies and the office of a member of the board of school trustees of the Tyler Public Schools and that of County Auditor of the County in which the City of Tyler is located would so far as we can find have no connection one with the other.

With reference to the compatibility of the offices in question, we call your attention to the case of State ex rel Brennan vs. Martin, 51 S. W. (2d) 815. And in this case by the Court of Civil Appeals at San Antonio from which no writ of error was granted, we quote:

"On April 2, 1932, appellee, J. C. Martin, was duly elected, and subsequently qualified, as one of the trustees of the Laredo independent school district, which is under the 'exclusive control' of the city of Laredo, as provided by statute. Article 2768, et seq., R.S. 1925.

"Thereafter, on April 19, 1932, appellee also 'qualified, by taking the oath of office and giving bond, as the tax assessor of the City of Laredo,' whether by reason of appointment or election is not shown in the record.

"In short, appellee is occupying and performing the official duties of two distinct offices, to wit, trustee of the Laredo independent school district, and tax assessor of the city of Laredo.

"The State of Texas, through its district attorney, on the relation of Hal I. Brennan, brought this information in the nature of a quo warranto to oust appellee from the office of school trustees, upon the contention that the two offices are 'incompatible' and may not be occupied by the same person contemporaneously, and that by qualifying as city tax assessor appellee thereby vacated the office of school trustee, into which he had been previously inducted.

"The general demurrer was sustained to the information filed in the court below, and the proceeding was dismissed

upon the refusal of the relator to amend. The appeal therefore must turn upon the question of the sufficiency of the information as against the general demurrer."

And passing upon the question above set out, the court said in quoting section 40 of Article 16 of the Constitution of Texas:

"The constitutional provision does not, per se and as a matter of law, prohibit a person from holding the office of school trustee while also holding another public office, for the simple reason that that provision applies, arbitrarily, only to 'civil offices of emolument,' whereas the office of trustee of the Laredo independent school district is not one of 'emolument,' since the holders thereof 'shall serve without compensation,' Article 2775 R.S. 1925; 1 Bouvier's Law Dict. (3d Ed.) 1035; Black's Law Dict., 321; 8 Words and Phrases, First Series, 2367; Graves v. M. Griffin O'Neil & Sons (Tex. Civ. App.) 189 S. W. 778.

"Nor may the courts assume that he as a public official will violate his oath of office and the law in sinister pursuit of an unlawful purpose. The presumption is rather to the contrary.

"The duties of the two offices are wholly unrelated, are in no manner inconsistent, are never in conflict. Neither officer is accountable to the other, nor under his dominion. Neither is subordinate to the other, nor has any power or right to interfere with the other in the performance of any duty. The offices are therefore not inconsistent or incompatible, and, one of them not being a 'civil office of emolument,' both may be occupied and the duties thereof lawfully performed by the same person. 22 R.C.L. p. 412 et seq; 46 C. J. pp. 941 et seq; 8 8 46 et seq; Case note L.R.A. 1917A, 216; Gaal v. Townsend, 77 Tex. 464, 14 S. W. 365; Figures v. State (Tex. Civ. App.) 99 S. W. 412.

And in view of a statement made hereinabove by us and of the cases cited and discussed, we are of the opinion that a member of the board of school trustees as appointed by the city governing board of the City of Tyler would have no connection with or control over the office of county auditor of Smith County and vice versa with reference to the county auditor of Smith County with regard to the board of education of the City of Tyler.



And in further view of the fact that no emolument whatsoever for the service as a member of the board of education of the Tyler public schools will be paid, we hold that the offices are not incompatible and that while serving as county auditor of Smith County one can at the same time serve as a member of the Board of Education of the City of Tyler without compensation.

Yours very truly

ATTORNEY GENERAL OF TEXAS

Geo. S. Berry
Assistant

GSB:N

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN

APPROVED JUN 29, 1939

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS