

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN

XXXXXXXXXXXXXXXXXXXXXXXX

ATTORNEY GENERAL

Honorable E. G. Moseley
Civil District Attorney
Dallas, Texas

Dear Sir:                    Attention: Mr. David M. Weinstein

Opinion No. O-2061
Re: Under the facts stated, are
the levy improvement district
supervisors, appointed under
Article 7987, Vernon's Anno-
tated Civil Statutes, holding
two civil offices of emolu-
ment, in violation of Section
40, Article 16, Constitution
of Texas

By your letter of June 13, 1940, and attached brief and copies of pertinent papers and records, you submit for our consideration and opinion the following question, which we quote from said letter:

"We would appreciate your immediate advice in regard to the following proposition, which is of material importance to us here.

"We have filed suit for collection of delinquent taxes on certain properties located in the Dallas County Levee District No. 5. The attorneys for the Levee District have been attempting to work out a reorganization of the District in order to satisfy bondholders as well as all taxing units. In this connection we have cooperated fully with them, for if the plan is successful, the State and County will be able to collect some $16,000.00 in delinquent taxes as well as putting the property on a current basis in the future.

"In working out the necessary details, we have found that the Dallas County Commissioners' Court had appointed three supervisors for Levee District No. 5. The same order appointing two of the three supervisors also appointed the same men as super-

visors of the City and County Levee District,
which District is distinct from Levee District
No. 5. The third man has attempted to qualify
simultaneously in both Districts. These same
three men are therefore at this time attempt-
ing to hold and exercise the offices of super-
visors of two distinct levee districts.

"Inasmuch as it becomes necessary to obtain
certain orders from these supervisors, the ques-
tion has arisen as to whether or not these men
are holding two civil offices of emolument con-
trary to the law.

"  .  .  ."

Section 40, Article 16, Constitution of Texas, pro-
vides that "no person shall hold or exercise, at the same
time, more than one civil office of emolument, except," etc.,
said section naming certain specific officers which are ex-
cepted from this prohibition.

Article 7987, Vernon's Annotated Civil Statutes,
provides as follows:

"When a levee improvement district has been
created under this Act, the court creating the
same shall forthwith appoint by a majority vote
three supervisors for such district, who shall
be known as 'district supervisors,' and whose
duties shall be as hereinafter provided. Said
supervisors shall each receive for his services
not more than five dollars per day for the time
actually engaged in work for said district, and
all expenses while so engaged, to be paid upon
rendition of sworn accounts, approved by the
county judge of the county having jurisdiction;
and they shall hold their offices for two years,
and until their successors are appointed and
qualified; unless sooner removed by a majority
vote of the court of jurisdiction; and any
vacancy in office shall be filled by a majority
vote of the court having jurisdiction which
court shall continue from time to time to appoint
supervisors in order that the board may always
be full." (Underscoring ours)

It is our opinion, and you are accordingly advised
that under the foregoing constitutional and statutory provi-
sions, the levee improvement district supervisors named in

your letter are holding and exercising, at the same time, "more than one civil office of emolument," and since this office is not one of those excepted in Section 40, Article 16, Constitution of Texas, the simultaneous tenure of these two officers is contrary to Section 40, Article 16, Constitution of Texas.

Upon this question we quote from 34 Tex. Jur. 349, as follows:

"The Constitution applies only to offices of emolument. 'Emolument' means a pecuniary profit, gain, or advantage; hence the same person may hold two civil offices where no pay, compensation or pecuniary gain attaches to one of them, provided they are not incompatible."

This constitutional prohibition has been held to apply to the officers of municipal corporations, 38 Tex. Jur. 206, and to the officers of independent school districts. Pruitt, et al, vs. Glen Rose Independent School District No. 1, 84 S.W. (2d) 1004; Odem vs. Independent School District, 234 S.W. 1090. Levee improvement districts, created under the enabling provisions of the Constitution and pertinent statutes, are regarded as public corporations and as governmental bodies or agencies. 27 Tex. Jur. 441-442. And while no authorities of this State have extablished that the officers of such levee improvement districts, including the "district supervisors," hold civil offices of emolument, within the meaning of Section 40, Article 16, Constitution of Texas, prohibiting the holding, simultaneously, or more than one of such offices, we think this conclusion would necessarily follow from the cases holding municipal corporations and school districts to be within this constitutional provision.

Despite the similiarity of their origin and purposes, Dallas County Levee Improvement District No. 5 and City and County of Dallas Levee Improvement District are entirely separate entities and bodies corporate and politic, so that a person appointed "district supervisor" in and for one of usch districts, could not constitutionally hold and exercise, by appointment of the commissioners' court, the office of "district supervisor' of another and different levee improvement district. The fact that the same statutory duties, oath and bond are required of the person appointed to fill these two places does not prevent their being "more than one civil office of emolument," within the meaning of Section 40, Article 16, Constitution of Texas.

The office of "district supervisor" of a levee improvement district carries with it the emolument and pecuniary gain or profit provided by Article 7987, Vernon's Annotated Civil Statutes, hereinabove quoted, and is a civil office created for the proper functioning of a governmental body or agency, and the persons named are clearly not entitled, under the Constitution of Texas, to hold at the same time the offices of "district supervisor" of two separate distinct levee improvement districts.

Trusting the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By  s/Pat M. Neff, Jr.
     Pat M. Neff, Jr.
     Assistant

PMN:EP:wc

APPROVED JUNE 20, 1940
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman