

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

November 9, 1965

Honorable Wm. J. Benardino          Opinion No. C-541
County Attorney
Montgomery County                   Re:  Authority for one person
Conroe, Texas                            to hold at the same time
                                         the positions of Deputy
                                         Tax Collector and Truant
                                         Officer of a school dis-
                                         trict, and Constable, and
Dear Mr. Benardino:                      related questions.

          Your request for an opinion on the above subject matter
asks the following questions:

          "1.  If 'A' qualifies as Constable, can he,
     under the law, continue to hold the positions
     of Deputy Tax Collector and Truant Officer of
     the school district, drawing his salaries there-
     for, or are these positions incompatible as con-
     templated by Article 16, Section 40, of our State
     Constitution?

          "2.  If, in your opinion, these positions are
     incompatible, and 'A' cannot continue to draw
     salaries for these positions, has 'A', as a matter
     of law, vacated the offices of Deputy Tax Collector
     and Truant Officer upon qualification as Constable?

          "3.  If, in your opinion, the offices of Dep-
     uty Tax Collector and Truant Officer are vacated,
     would 'A' or his bondsmen be liable for any sala-
     ries received from the school district as Deputy
     Tax Collector and Truant Officer after qualifying
     as Constable?"

          Section 40 of Article XVI of the Constitution of Texas
provides in part:

          "No person shall hold or exercise, at the same
     time, more than one Civil Office of emolument, ex-
     cept. . ." (Exceptions not applicable).

-2587-

In Attorney General's Opinion WW-1442 (1962), it is stated:

"As to your question 1 (a), numerous opinions from this office have held that the positions of Tax Assessor and Collector of a county, independent school district, or of a conservation district are all civil offices of emolument. Attorney General Opinions Nos. 0-697 (1939), 0-2687 (1940), and WW-1295 (1962). Pruitt v. Glen Rose Independent School District, 126 Tex. 45, 84 S.W.2d 1004 (1935). We hereby reaffirm these holdings and also hold that a county water control and improvement district is a separate governmental authority and similar to a conservation and reclamation district, and that therefore two separate offices of emolument are involved. It is therefore a violation of Section 40 of Article XVI for the same person to hold both offices in question."

We quote from Pruitt v. Glen Rose Independent School District, 126 Tex. 45, 84 S.W.2d 1004 (1935), at 84 S.W.2d 1007:

"The text, 34 Tex.Jur. 354, 8 19, summarizes the rule thus: 'Having elected to accept and qualify for the second office, ipso facto and as a matter of law, he vacates the first office. This is true, where both offices are places of emolument, regardless of whether they are incompatible, and if they are incompatible there is a vacation of the first office regardless of whether both are offices of emolument within the meaning of the Constitution. In such circumstances the constitutional provision that all officers shall continue to perform the duties of their offices until a successor has been qualified does not apply.'"

In Attorney General's Opinion 0-697 (1949), it was held:

"Under Section 40 of Article 16 of the Constitution, above quoted, two civil officers of emolument cannot be united in the person, unless one of them is within the enumerated exceptions; and a person cannot hold or exercise two such offices in either a de jure or de facto capacity. Oden vs. Sinton Independent School District, 234 S.W. 1090; Tex.Jur. Vol. 34, p. 347; State vs. Gillette Estate, 10 S.W.2d 984.

"     . . .

"Deputy sheriffs, deputy constables, deputy county clerks, and departmental chief clerks are public officers. Therefore, we are of the opinion that a deputy tax assessor-collector is an officer within the purview of the above mentioned constitutional provisions. State vs. Brooks, 42 Tex. 62; Murray vs. State, 67 SW 2d 274; Donges vs. Beall, 41 SW 2d 531; Pfeffer vs. Mahuge, 260 SW 1031; Tex.Jur., Vol. 34, p. 602."

In Attorney General's Opinion WW-1316 (1962), it was held that the office of constable constituted a civil office of emolument within the meaning of Section 40 of Article XVI of the Constitution of Texas.

In view of the foregoing, your questions are answered as follows:

1. If "A" qualifies as Constable, he cannot continue to hold the position of Deputy Tax Collector and Truant Officer of the independent school district.

2. If "A" qualifies for the office of Constable, he, ipso facto, vacates his office of Deputy Tax Collector and Truant Officer of the independent school district.

3. Any salary paid to "A" by the school district after he has qualified for the office of Constable should be refunded to the independent school district. As "A" vacated the offices of Deputy Tax Collector and Truant Officer of the school district, by qualifying as Constable, his bondsmen would not be liable for any salaries received by "A" from the school district, after qualifying as Constable. After vacating such offices he had no duties to perform for the school district, as he was neither a de jure nor de facto officer.

## S U M M A R Y

In view of the provisions of Section 40 of Article XVI of the Constitution of Texas, prohibiting the holding of two civil offices of emolument at the same time by one person, one person cannot hold the office of Constable at the same time he holds the office of Deputy Tax Collector and Truant Officer of an independent school district.

Whenever a person holding the office of Deputy Tax Collector and Truant Officer of an independent school district qualifies for the office of Constable, such person vacates the first office. Pruitt v. Glen Rose Independent School District, 126 Tex. 45, 84 S.W.2d 1004 (1935), and he can no longer draw compensation as Deputy Tax Collector and Truant Officer of the independent school district. As "A" vacated the offices of Deputy Tax Collector and Truant Officer of the school district, by qualifying as Constable, his bondsmen would not be liable for any salaries received by "A" from the school district, after qualifying as Constable. After vacating such offices he had no duties to perform for the school district, as he was neither a de jure nor de facto officer.

Yours very truly,

WAGGONER CARR
Attorney General

By John Reeves
John Reeves
Assistant

JR:ms

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
J. C. Davis
Kerns Taylor
Phillip Crawford
Roger Tyler

APPROVED FOR THE ATTORNEY GENERAL
By: T. B. Wright