## THE STATE OF TEXAS EX REL. V. J. T. BRINKERHOFF.

### (Case No. 2239)

1. OFFICE—APPOINTMENT OR ELECTION OF SAME PERSON TO TWO INCOMPATIBLE OFFICES—ACCEPTANCE OF SECOND A RESIGNATION OF FIRST—If a person already holding an office is elected or appointed to another incompatible with the one which he holds, and he accepts and qualifies as to the second, such acceptance and qualification operate, *ipso facto*, as a resignation of the former office. (Citing Biencourt *v.* Parker, 27 Tex., 562; *Ex Parte* Call, 2 Tex. Ct. App., 497; The People *v.* Carrique, 2 Hill, 97; Stubbs *v.* Lee, 64 Me., 195, and other authorities.)

2. SAME—IMPLIED ACCEPTANCE OF RESIGNATION—The appointment of the incumbent of an office to another office by the power authorized to order an election to fill a vacancy in either office, is equivalent to an agreement to accept the appointee's resignation of the former office; and, upon his qualification under the appointment, his resignation has full effect, and the office formerly held by him becomes vacant, in all cases where the two offices cannot be held by the same person.

APPEAL from McLennan. Tried below before the Hon. Eugene Williams.

This was a suit in the nature of a *quo warranto* proceeding brought in the name of the state on the relation of R. H. Kingsbury, Jr., against J. F. Brinkerhoff, to inquire and determine by what authority Brinkerhoff held the office of recorder of the city of Waco.

Appellant's pleadings, petition and exhibits thereto, showed that appellee was, on April 5, 1885, elected secretary of the city of Waco; that, on April 13, 1885, he qualified as such; that, on April 13, 1885,

he was appointed recorder of the city, and that, on April 14, 1885, he qualified and was installed as recorder.

The petition also alleged that Brinkerhoff was holding both of these offices, and exercising and discharging the duties and functions, and receiving and enjoying the pay and emoluments thereof; that the two offices were separate and distinct under the constitution and laws of the state, and that the holding of both by Brinkerhoff was in direct conflict with the provision of the state constitution with respect to the holding of two offices by one person. The defendant demurred, and, on March 5, 1886, the court sustained the demurrer and dismissed the petition.

*R. H. Kingsbury*, for appellant, on the sufficiency of the petition, cited: Badger et al. *v.* United States, 93 U. S., 599; 103 *Id.*, 471; Worth *v.* Newton, 10 Exch., 247; State Constitution, art. 16., sec. 40; The People *v.* Mayworm, 5 Mich., 148; The People *v.* Phillips, 1 Denio, 388; The State *v.* Harris, 3 Ark., 570.

*Clarke & Dyer* and *Rimes & Blair*, for appellee, on the questions discussed in the opinion, cited: Biencourt *v.* Parker, 27 Tex., 562; *Ex parte* Call, Jr., 2 Tex. Ct. App., 497; R. S. 361; R. S., crim. prac., 894, *et seq.*; State *Ex rel.* Platt *v.* Kirk, 44 Ind., 401; s. c., 15 Am. Rep., 239.

Stayton, Associate Justice.—It is unnecessary to consider whether officers of municipal corporations are such officers as are embraced in section forty, article sixteen of the Constitution, which declares that "no person shall hold or exercise, at the same time, more than one civil office of emolument, etc.," for, if this be admitted to be so, even then, it is too clear that the judgment rendered is correct. It appears that the respondent was duly elected secretary of the city of Waco, on April 5, 1885, and that he qualified on the thirteenth of the same month, since which time he has continuously discharged the duties of that office.

On the same day that he qualified as city secretary he was appointed recorder, qualified the next day, and since that time has continuously discharged the duties of the latter office, and this proceeding was insti-tuted for the purpose of inquiring into his right to hold and exercise the powers of recorder. The respondent became city secretary on April 13, for on that day he qualified, and on the next day he accepted the office of recorder, which, of itself, operated an abandonment of the former office, if he cannot hold both. This we understand to be the

rule. Biencourt v. Parker, 27 Tex., 562; *Ex parte* Call, 2 Texas Court of Appeals, 497; The People v. Carrique, 2 Hill, 97; Stubbs v. Lee, 64 Me., 195; Cotton v. Phillips, 56 N. H., 223; People v. Whitman, 10 Cal. 38; Kerr v. Jones, 19 Ind., 353; Creighton v. Piper, 14 Ind., 182; Daily v. State, 8 Blackford, Ind., 329; The State v. Hutt, 2 Ark., 282.

It is contended, however, that the respondent had the right to elect which office he would hold, and that from the character of the two offices, and from the fact that he continued to act as city secretary, it must be held that he elected to hold that office, and, therefore, ought not to be permitted to hold the office of recorder.

It is true that the respondent had the right to elect which office he would hold, but, in law, his election was made when he qualified as recorder, and if, under the constitution, he could not hold both offices, then the office of city secretary became vacant. As said in Stubbs v. Lee : "The public has a right to know which is held and which is surrendered. It should not be left to chance, or to the uncertain whim of the office holder to determine. The general rule, therefore, that the acceptance of, and qualification for, an office incompatible with one then held is a resignation of the former, is one certain and reliable, as well as one indispensable for the protection of the public." The People v. Carrique, 2 Hill, 97.

The fact that the respondent may have been appointed by the city council to the office of recorder on the same day, but before he qualified as city secretary, is a matter of no importance. His subsequent qualification as recorder, under the appointment previously made. clothed him with the powers and imposed upon him the duties of that office. His appointment was not invalid, but could become operative, if he could not hold both offices, only by abandoning the office to which he had qualified. which we hold he did, if the offices be incompatible, by qualifying as recorder. The People v. Carrique, 2 Hill, 97.

It is urged that the respondent could not legally qualify as recorder until his resignation of the office of city secretary was accepted.

It is said that "in their individual character the people elected him city secretary; in a representative capacity they (the city council) appointed him recorder. Could the city council, by their subsequent action, '*nolens volens*,' abrogate the express will of the people in appointing him recorder, when there is no evidence of the assent of the people in their action, and when he had neither tendered his resignation, nor resigned his office of secretary."

His qualification as recorder operated, *ipso facto*, as a resignation of the other office, if incompatible with that to which he qualified. The appointment to another office by the power authorized to order an

election to fill a vacancy to be made in an office held by the appointee, or to which he had been appointed, is equivalent to an agreement to accept the resignation of another office held by the appointee, and, upon his qualification under the appointment, the resignation has full effect, and the office formerly held becomes vacant in all cases in which the two offices cannot be held by the same person.

The statute provides that: "In case of vacancy in the office of mayor or alderman, or other elective office, by refusal to accept or failure to qualify, or by death, resignation or otherwise, the city council shall order a new election." R. S., art. 352.

This statute embraces vacancies arising from whatever cause, recognizes the fact that resignations may be made, and it was certainly never contemplated that the electors, otherwise than through the city council, should act upon resignations. The city council had power to order an election to fill the vacancy in the office of city secretary, if one was created by the acceptance of the office of recorder, and its action, alleged, must be deemed to have amounted to an acceptance of the resignation of the city secretary, if such was necessary to enable the person who held it to qualify as recorder.

It has been held, under statutes, that officers of a municipal corporation could not so resign until their successors qualified, as to defeat the claims of creditors of such corporations, which could only be enforced through such officers, but cases of this character have no bearing on the question before us. In the case of Watts v. Ex rel. Jones, 61 Tex., 188, costs were given against the relator, and we see no reason for a different rule in this case.

The judgment of the court below will be affirmed.

AFFIRMED.

[Opinion delivered March 26, 1886.]