Haymaker v. State, ex rel McCain, 22 N. M. 400.

[No. 1899, February 12, 1917.]
## HAYMAKER v. STATE ex rel. McCAIN.

### SYLLABUS BY THE COURT.

1. Incompatability between offices is an inconsistency between the functions thereof, as where one is subordinate to the other, or where a contrariety and antagonism would result in the attempt by one person to faithfully and impartially discharge the duties of both. Held that office of member of city board of education and clerk thereof are incompatible.

P. 403

2. "Removed," as used in section 2, art. 20, of state Constitution, held to contemplate statutory removals; hence trial court was without power to oust plaintiff in error from office where no successor had qualified therefor.

P. 405

Error to District Court, Chaves County; John T. McClure, Judge.

Quo warranto by the State of New Mexico, on relation of J. H. McCain, against Mrs. O. R. Haymaker. Judgment of ouster, and defendant brings error. Reversed.

R. D. BOWERS of Roswell and RENEHAN & WRIGHT of Santa Fe, for plaintiff in error.

H. M. Dow of Roswell and A. E. JAMES of Santa Fe, for defendant in error.

### STATEMENT OF FACTS.

This proceeding was instituted in the district court of Chaves county by an information in the nature of quo warranto on the relation of J. H. McCain against Mrs. O. R. Haymaker, seeking a judgment of ouster against her as a member of the board of education of the city of Roswell. By the information it was represented to the court that on the first Tuesday of April, 1913, the respondent, Mrs. O. R. Haymaker, was elected a member

of the board of education of the. city of Roswell for a term of four years, subsequently qualifying and entering upon her duties as a member of such board. Thereafter, on the first Monday of May, 1913, she was appointed clerk of the said board, qualifying as such, and, after serving for a period of two years in that capacity, was reappointed in May, 1915, since which time she has continued to hold and perform the duties of said office, receiving the fees and emoluments thereof. The information further alleged that the two offices of member of the board of education and clerk of said board were incompatible, wherefore Mrs. O. R. Haymaker, by her qualification as clerk of the said board and the assumption of the duties of that office, vacated her office as a member of the school board, and can no longer act as a member of said board, for which reason it was prayed that she be adjudged not entitled to said office, and that a judgment of ouster therefrom be pronounced against her.

The information was filed in September, 1915, or shortly after the second appointment of Mrs. Haymaker as clerk of the board of education. A motion to dismiss and demurrer were subsequently interposed, raising substantially the same grounds, which were that the relator had not sufficient interest in the subject-mater to maintain the action; that the state is not the real party plaintiff; that the relator failed to show any special interest in the office of member of the school board, failed to show that relator is the duly qualified successor of the respondent as a member of the said board of education; and that a judgment of judicial ouster would be in violation of section 2, art. 20, of the Constitution.

The motion to dismiss was denied and the demurrer was overruled, whereupon respondent answered, setting up a denial that she had usurped or intruded into. the office; that the offices referred to were incompatible, or that by acceptance of her offce of clerk of the board she had vacated her office as a member of the said board. Further answering, the respondent set up the facts pertaining to her election and qualification as a member of the school board, from which office she had never been

Haymaker v. State, ex rel McCain, 22 N. M. 400.

removed, and that no successor to said office had been elected, appointed, or qualified, or attempted to qualify. She further alleged that her term would not expire until April, 1917, nor until her successor had qualified according to law. She further alleged that relator was estopped by laches and by acquiescence from prosecuting this action.

The court made findings of fact as follows: that relator had obtained the consent of the Attorney General to institute the proceedings; that he was a citizen and taxpayer of Chaves county and of the school district in question; that respondent was duly elected as one of the members of the board of education of the city of Roswell, as alleged in the information, qualified as such member, and was duly elected by said board as the clerk thereof at the times referred to in the information, qualified as such member, and was duly elected by said board as the clerk thereof at the times referred to in the information, qualifying as such clerk and entering upon the discharge of the duties of that office; that when respondent was elected as clerk of said board in May, 1915, it was necessary for respondent, in order to secure her election as such clerk, to vote for herself; that no successor to respondent as a member of the said board has ever been elected or qualified since her induction into office in May, 1913.

The trial court concluded, as a matter of law, that the office of clerk of the board of education is incompatible under the laws of New Mexico with the office of member of the board of education, and that in accepting and undertaking to discharge the duties of clerk of said board respondent vacated her office as member of the said board of education. The court further concluded, construing section 6, art. 12, section 2, art. 20, and section 4, art. 2, of the Constitution that the Legislature did not exceed its power granted by the Constitution when it declared, in subsection 8, § 3956, Code 1915, that accepting and undertaking to discharge the duties of an incompatible office should create a vacancy ipso facto in the other office held by such person, and that said subsection 8, § 3956 is not inconsistent with any of the provisions of the

Constitution, and is clearly within the power granted to the Legislature in section 6, art. 12, of the Constitution.

As a result of the findings of fact and conclusions of law the district court held that the office of member of the board of education to which the respondent was elected became vacant when she accepted and undertook to discharge the duties of the office of clerk of said board, and that respondent should be ousted from such office. From which judgment of the trial court this writ of error was sued out.

### OPINION OF THE COURT.

HANNA, C. J. (after stating the facts as above.)— The errors assigned by the plaintiff in error are numerous. The two important questions, both decisive of this case, are: First, is the office of member of the city board of education and the office of clerk thereof incompatible; and, second, if incompatible, was the trial court authorized to oust or remove the plaintiff in error from the first office, no successor having been elected, appointed, and qualified therefor?

[1] Section 3956, Code 1915, provides that an office becomes vacant when, among other things, an officer accepts and undertakes to discharge the duties of another incompatible office. The statute does not define what is meant by "incompatible." In the brief of plaintiff in error the rule is thus stated:

"In legal contemplation, incompatibility between two offices is an inconsistency between the functions of the two. The offices must subordinate, one to the other, and they must, per se, have the right to interfere with the other before they are incompatible" (citing People v. Green, 58 N. Y. 295; Stubbs v. Lee, 64 Me. 195 ,18 Am. Rep. 251; State v. Brown, 5 R. I. 1.)

As contended by plaintiff in error in his brief, and as well stated in the syllabus of the case of People v. Green, supra.

"The incompatibility between two offices, which upon the acceptance of the one by the incumbent of the other operates to vacate the latter, is not simply a physical impossi-

bility to discharge the duties of both offices at the same time, but it is an inconsistency in the functions of the two offices, as where one is subordinate to the other, or where a con'trariety and antagonism would result in the attempt by one person to faithfully and impartially discharge the duties of both."

Counsel for plaintiff in error contend that this rule does not apply to the case at bar because the board of education consists of five members, and no one member can have exclusive control over any matters coming before the board, the statute providing especially that:

"Words giving a joint authority to three or more public officers or other persons shall be construed as giving such authority to a majority of them; unless it be otherwise ex-pressed in the act giving them authority."     Section 5424, Code 1915.

It is argued that since the board of education is constituted of five members there are always four members to check any improper act of the fifth, and that the law does not presume that the four remaining members will permit or assist the fifth in furthering his own interests to the detriment of the public, without which presumption it cannot be said that the two offices in question are incompatible. We cannot agree, however, with this contention. It appears from the record before us that the deciding vote in matters pertaining to the interest of the plaintiff in error has been, on several occasions, cast by her. It also appears that she voted herself into office as clerk, fixed the amount of her salary, and approved her salary warrants.

Our attention has not been directed to any case directly in point with the present one, but the case of Cotton v. Phillips, 56 N. H. 220, cited in brief of defendant in error, bears some analogy to the facts of the case at bar. In that case the plaintiff was elected to the school board, and was thereafter chosen as auditor, the court holding that by the acceptance of an incompatible office he had vacated his membership on the board. The court said, quoting from the opinion:

"The duties of an auditor are to examine the accounts of

the prudential committee, and their vouchers, and report whether they are properly cast and supported, and whether the money has been legally expended. If the same person could hold both offices, he would in fact sit in judgment on his own acts."

It is therefore our conclusion that the two offices in question are incompatible under the rule laid down, and which we are constrained to follow, for which reason we cannot agree that the trial court was in error in its holding upon this question.

[2] Having determined that the two offices mentioned are incompatible, one with the other, the authority of the trial court to remove or oust plaintiff in error from the first office, in the quo warranto proceedings, is the next decisive question. The proposition is ably argued by both of the parties hereto. The plaintiff in error contends that she not only had the right to the office of member of said board of education at all times, but that she could have been compelled, by mandamus, to perform the duties thereof, because no successor to the office had qualified, on account of the failure of the appointing or elective power to substitute a qualified person in her place. The argument is that under section 2, art. 20, of the state Constitution, every officer, unless removed, holds office until his successor qualifies, and that plaintiff in error has never been removed, in the sense in which that word is used in the Constitution; hence she holds over in the same manner that any officer would hold over whose term of office had expired but whose successor had not qualified. It is further stated by plaintiff in error that section 3954 specifies the cause of removed of officers of this class, and that section 3954 prohibits the removal of such officers except in the manner specified in the article of which that section is a part. Defendant in error meets this argument by contending that if such is the law, then the "courts are powerless to right an official wrong if the proper appointing power fails or refuses to act," and quotes from and cites a number of cases which he asserts sustain his position. The trial court apparently took the position that the plaintiff in error voluntarily removed

herself from the first office by the acceptance of the second. Section 3955, Code 1915, a part of an act concerning officers of the class to which plaintiff in error belongs, provides six grounds for removal; section 3956, Code 1915, specifies the circumstances under which an office becomes vacant. Death of the incumbent, removal as provided in the chapter, failure to qualify as provided by law, expiration of term when no successor has been chosen as provided by law, removal from county in certain cases, absence for certain time under certain conditions, resignation of the officer, and accepting and undertaking to discharge the duties of an incompatible office are the circumstances in which the act declares an office becomes vacant. The section can be said only to define vacancies in office. Since the adoption of the Constitution no public office becomes vacant, in the sense that there is no incumbent to fill it, except in the case of death, perhaps, because under section 2 of article 20 of the state Constitution, every officer holds until his successor qualifies, except when he is removed. That section was construed in Bowman Bank & Trust Co. v. Bank, 18 N. M. 589, 139 Pac. 148, wherein the court declared that all officers held office until their successors qualified. Nothing was said therein with reference to removals, because that question was not involved. In State v. Brinkerhoff, 66 Tex. 45, 17 S. W. 109, cited by the defendant in error, the court held that the qualification of the person to the second incompatible office operated, ipso facto, as a resignation of the first office, and that the appointment by the proper power to the second office constituted an acceptance of the resignation of the person to the first office. Under the provisions of the Texas Constitution at that time all officers continued to perform the duties of their offices until their successors duly qualified. The Constitution made no exception as to officers removed. Our search has not disclosed any constitutional provision in any state on this proposition identical with ours. If the view be taken that the acceptation of the clerkship by plaintiff in error constituted the tender of her resignation of the office of member of the city board of education, and that the ap-

pointment thereof by the said board constituted an acceptance of the resignation of plaintiff in error to the first office, the defendant in error obtains no benefit thereby. Current authority firmly established the proposition that an officer holds until his successor qualifies, even though he has tendered his resignation and the same has been accepted. Thus in the note to People v. Williams, 36 Am. St. Rep. 514, note page 526, it is said:

"In those states having a statute which provides that a person elected to office shall serve therein until his successor is elected or appointed and qualified, an officer, although his resignation is tendered to and accepted by the proper authority, continues in office * * * as such officer until his successor has qualified. During the interval between the acceptance of his resignation and the qualification and induction of his successor into office, the resigning officer may be compelled by mandamus to perform any of the duties which pertain to the office from which he has resigned" (citing authorities).

In People v. Supervisor, 100 Ill. 332, it was said that in order to make the resignation effectual it must be followed by the act of the successor in qualifying for the office. It was also said in that case that the statute providing that officers should hold office until their successors are elected and qualified was significant as denoting the policy of the state, and that the "public convenience shall not suffer from a vacancy in such public offices, but that the office shall ever be full, so that there will always be some one competent to perform the duty belonging to the office." Assuming that the resignation of the plaintiff in error of the first office had been accepted, a vacancy, as defined in section 3955, Code 1915, did occur in the office of member of the board of education of the city. But in view of the constitutional provision cited supra, the vacancy, so-called, was not a corporeal vacancy; a condition simply arose thereby which gave the right to the appointing or electing power to appoint or elect some person to the said office in the place and stead of the plaintiff in error. In other words, the right to fill the first office, by the proper power, was initiated thereby, but such right had no effect whatever upon the status of

the plaintiff in error with respect to that office until the successor qualified for the office. All that is said in this regard equally applies to the provisions that the acceptance, etc., of an incompatible office vacates the first office. Such was the effect of the holding in Oliver v. Mayor of Jersey City, 63 N. J. Law, 634, 44 Atl. 709, 48 L. R. A. 412, 76 Am. St. Rep. 228, the court saying:

"It would therefore be a pure solecism to call the office vacant at that time except in the strictly legal sense of having no occupant with a de jure title. * * * It is therefore manifest that the words of the statute * * * already quoted, declaring that when a commissioner accepts another office his former office shall become 'vacant,' cannot mean, in a situation like this, that it is corporeally vacant, for the person lawfully elected to fill it remained in possession, discharging its duties. * * * The legal meaning of the words in such circumstances is that the office has no occupant who holds by a good title in law, and that the appointing power may at once be exercised to fill it, or if it is an elective office, the people may elect, and no adjudication is required to declare the vacancy, although the newly appointed or elected officer may find it necessary afterwards to resort to quo warranto proceedings to obtain actual possession of the office."

In no sense, then, can the office be said to be vacant, except for the purpose of supplying another person to fill it, and likewise the argument that the plaintiff in error voluntarily removed herself from the incumbency of the first office by her resignation is equally untenable. There had been no removal of plaintiff in error from the first office, in law or in fact, at the time this cause came on to be heard before the trial court.

The removal contemplated by the word "removed" as used in the constitutional provision cited supra refers to ouster from office of an officer under the provisions of the statute authorizing removals for misconduct. It has no reference to ouster by quo warranto proceedings, which is invoked and exercised only where a person is usurping the functions of an office to which he has no legal title. The constitutional provision clearly intended to permit the immediate effective removal from office of all officers of the class mentioned in the statute who were found guilty of misconduct sufficient to oust them from office.

In State ex rel. Harvey v. Medler, 19 N. M. 252, 142 Pac. 376, the court, speaking of section 2, art. 20, of the Constitution, made this significant remark:

"The Constitution is not attempting to define or limit the term 'removal,' but is simply recognizing that the official's term of office may be terminated by removal, leaving to the Legislature to provide therefor by specific and comprehensive legislation. The Legislature has provided fully with respect to removal of public officers and in the same act (chapter 36, Laws 1909) has provided for suspension. * * * "

The court in that case recognized that the word "remove" was addressed to removals under statute, the aim of which is to rid the public of improper servants. Clearly under that view of the meaning of the word "removed" plaintiff in error could not be relieved of the duties of the first office by the order of ouster in this proceeding. The statute provides for a full and complete method of removal of the class of officers to which the plaintiff in error belonged. The remedy of those aggrieved by the action of the plaintiff in error in accepting and discharging the duties of an incompatible office, or resigning the first office, was to cause an election to be called or an appointment to be made to fill the office of member of the board of education, to which plaintiff in error lost the right to continue to hold when a person with better title thereto presented himself. Mandamus, no doubt, could be employed to compel the performance of these acts. We, therefore, are constrained to hold that, notwithsatnding the resignation of the plaintiff in error of the office of member of the city board of education, or the acceptance by her of the incompatible office, the court was without power, in the absence of the qualification of a successor to her for such office, in this proceeding, to remove plaintiff in error therefrom, and the judgment of the trial court, therefore, is reversed; and it is so ordered.

PARKER and ROBERTS, J.J., concur.