

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable W. J. Muller
County Attorney
Kinney County
Brackettville, Texas

Dear Sir:

Opinion No. O-2640
Re: Whether a person's name
may be on ballot for gen-
eral election as candidate
for both Justice of Peace
and County Commissioner.

Your letter of August 15, requesting our opinion on the above question has been received.

Article 2978, Revised Civil Statutes, provides, in part:

"The name of no candidate shall appear more than once upon the official ballot, except as a candidate for two or more offices permitted by the Constitution to be held by the same person."

Article 16, Section 40 of the Constitution of Texas provides, in part:

"No person shall hold or exercise, at the same time, more than one Civil Office of emolument, except that of Justice of Peace, County Commissioner, Notary Public and Post-master. * * *"

In spite of the express exemptions enumerated in the above constitutional provision, the Courts of Texas have imposed an additional requirement to permit a person to hold two offices, i. e., that the two offices be not incompatible. Biencourt v. Parker, 27 Tex. 558; State v. Brinkerhoff, 66 Tex. 45; Thomas v. Albernathy County Line Independent School District, 290 S. W. 152; State v. Martin, 51 S. W. (2d) 815.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Are the offices of Justice of Peace and County Commissioner incompatible? Article 1052, Code of Criminal Procedure, as amended, 1929, provides that the Commissioners' Court shall approve the accounts of Justices of Peace for fees in criminal actions. Should a Justice of the Peace likewise be a County Commissioner, he would, in one capacity, be passing upon his own account in another office. Such a situation presents an anomaly which clearly renders the two offices incompatible. There may be other functions of the two offices which are likewise incompatible, but the one instance cited is sufficient to come within the rule laid down by the above cases.

You are therefore advised that the same person's name may not appear on the official ballot at a general election as a candidate both for the offices of Justice of Peace and County Commissioner.

APPROVED AUG 22, 1940

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Walter R. Koch

Walter R. Koch
Assistant

WRK:RS

