

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 10, 1947

Hon. L. A. Woods, State Superintendent
Department of Education
Austin, Texas

Attention: Hon. T. M. Trimble,
First Assistant

Opinion No. V-242

Re: Authority of
City Attorney
to serve as
trustee of in-
dependent school
district not mun-
icipally controlled.

Dear Sir:

We refer to your letter of recent date acknowl-
edged by the Attorney General on May 26, 1947, wherein
you request an opinion from this office on the follow-
ing question:

May the City Attorney serve at the same
time as trustee of an independent school dis-
trict, which district is not municipally con-
trolled?

Article XVI, Section 40, Constitution of Texas,
reads in part:

"No person shall hold or exercise, at the
same time, more than one civil office of emolu-
ment. . . ."

Dual office holding is expressly forbidden by
Section 40, Article XVI, of the Texas Constitution where
both offices are civil offices of emolument. Dual office
holding is forbidden to an extent at least by Section 33
of Article XVI wherein the accounting officers of the State
are forbidden to issue or pay a warrant upon the Treasur-
er for the payment of salary or compensation to a civil
officer, who at the same time holds another office of
honor, trust, or profit under the United States or the
State of Texas.

The constitutional prohibition against the holding of more than one office of emolument (Art. XVI, Sec. 40) is inapplicable to the question under consideration for the reason that since a trustee of an independent school district serves without compensation, his is not an office of emolument. State v. Martin, 51 S.W. 2d, 815; Attorney General Opinion 0-3308. And since neither a City Attorney nor a trustee of an independent school district are offices to be paid out of the State Treasury, Section 33 of Article XVI is not violated under the facts submitted.

However, it is also a fundamental rule of law that one person may not hold at one time two offices, the duties of which are incompatible, and this principle applies whether or not the office is named in the exceptions contained in Article XVI, Section 40. Biencourt v. Parker, 27 Tex. 558; State v. Brinkerhoff, 66 Tex. 45; Thomas v. Abernathy County Line Independent School District, 290 S.W. 152; Pruett v. Glen Rose Independent School District, 84 S.W. 2d 1004.

This principle of law, incompatibility of offices, is expressed clearly in 22 R.C.L. 414, par. 56; we quote from Knuckles v. Board of Education of Bell County (Ky.) 114 S.W. 2d 511, p. 514, as follows:

"One of the most important tests as to whether offices are incompatible is found in the principle that the incompatibility is recognized whenever one is subordinate to the other in some of its important and principle duties, or is subject to supervision by the other, or where a contrariety and antagonism would result in the attempt by one person to discharge the duties of both. Under this principle two offices are incompatible where the incumbent of one has the power to remove the incumbent of the other, though the contingency on which the power may be exercised is remote, and it also exists where the incumbent of one office has the power of appointment as to the other office, . . . or to audit the accounts of another, or to exercise a supervision over another."

We have considered the statutes relative to the respective duties incumbent upon a City Attorney and a trustee of an independent school district which district

is not municipally controlled but is governed exclusively by the laws appertaining to independent school districts in general, and we can conceive of no sound basis upon which it may be said that the offices are incompatible. We have been unable to find any statute providing that either office is accountable to, under the dominion of, or subordinate to the other, or which provides that either office has a right to interfere with the other in the performance of any official duty. Nor have we been apprised of any reason why the duties of a City Attorney would be inconsistent or in conflict with the duties of a trustee of an independent school district which is not municipally controlled.

In Opinion O-3966-A, this Department advised that it is the function of the county or district attorney to advise the school officials of independent school districts concerning the school laws and to handle their litigations in contested elections, and that therefore the offices of county attorney and trustee of an independent school district are incompatible. But this reasoning would not apply to a City Attorney.

It is our opinion, therefore, that the two offices in question are not incompatible, and that your submitted question should be, and is, answered in the affirmative.

### SUMMARY

One person may hold at the same time both the offices of City Attorney and trustee of an independent school district which is not municipally controlled, the said offices being not incompatible.

Very truly yours

APPROVED JUNE 10, 1947

ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL

By

Chester E. Ollison
Assistant

CEO:djm*