

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

December 12, 1951

Hon. Edward B. Stewart
County Attorney
Young County
Graham, Texas

Opinion No. V-1370

Re: Legality of paying a con-
stable's salary while he
is temporarily being paid
as a city policeman, re-
placing a policeman who is
ill.

Dear Sir:

You have requested an opinion on the following ques-
tions:

"1. Is the acceptance by a constable of a
temporary paid position as a policeman of an
incorporated city, to replace a regular police-
man who is ill, such an abandonment of the former
position as to preclude the county treasurer
from paying him the constable's salary?

"2. If the county treasurer is unauthorized
to pay such salary during the existence of such
temporary employment by the city, would he be
authorized to resume paying such salary upon the
termination of such temporary employment by the
city and before the re-election of the constable
to his office as constable?"

Section 40 of Article XVI of the Constitution of Texas
provides in part:

"No person shall hold or exercise, at the
same time, more than one Civil Office of emolu-
ment . . . . /exceptions not applicable/."

A policeman of an incorporated city is an officer within
the meaning of the above quoted constitutional provision. Irwin
v. State, 177 S.W. 2d 970 (Tex. Crim. 1944). Likewise, a con-
stable is an officer within the meaning of the above quoted con-
stitutional provision. Torno v. Hochstetler, 221 S.W. 623 (Tex.
Civ. App. 1923). In the Irwin case it was held that Section
40 of Article XVI of the Constitution of Texas prohibited one
person from being at the same time a policeman of an incorporated

Hon. Edward B. Stewart, page 2    (V-1370)


city and a deputy sheriff.   In the Torno case it was stated at page 624:

> "If the officer who levied the execution in
> this case, the said Gentry, while being the legal
> and duly qualified constable, was subsequently
> appointed town marshal of the legally incorporated
> town of Sinton, had duly qualified and ected as
> such, he ceased to be and vacated his office of
> constable and became the town marshal, an office
> wholly incompatible with that of constable, and
> would have no power to execute writs of execution
> such as was done in this case.  See Article 16,
> § 40 of the Constitution by Harris, and cases
> cited; State v. Brinkerhoff, 66 Tex.  45, 17 S.W.
> 109;  Alsup v. Jordan, 69 Tex. 303, 6 S.W. 831,
> 5 Am. St. Rep. 53."

Therefore, it is our opinion that Section 40 of Article XVI of the Constitution of Texas prohibits a constable from being at the same time a policeman of an incorporated city.

Apart from the constitutional prohibition contained in Article XVI, Section 40, it is also a rule of common law that a person cannot hold two offices where the duties of the offices are incompatible.  State v. Brinkerhoff, 66 Tex. 45, 17 S.W. 109 (1886);  Thomas v. Abernathy County Line Independent School Dist., 290 S.W. 152 (Tex. Comm. App. 1927).  Irwin v. State, supra, held that the office of town marshal is "wholly incompatible with that of constable."  We think it follows from that holding that the position of city policeman is incompatible with the office of constable.

In Pruitt v. Glen Rose Ind. School Dist. No. 1, 126 Tex. 45, 84 S.W. 2d 1004, 100 A.L.R. 1158 (1935), the Supreme Court stated, at 84 S.W. 2d 1007:

> "The text, 34 Tex. Jur. 354, Sec. 19, sum-
> marizes the rule, thus:  'Having elected to ac-
> cept and qualify for the second office, ipso
> facto and as a matter of law, he vacates the first
> office.  This is true, where both offices are
> places of emolument, regardless of whether they
> are incompatible, and if they are incompatible
> there is a vacation of the first office regardless
> of whether both are offices of emolument within
> the meaning of the Constitution.  In such circum-
> stances the constitutional provision that all of-
> ficers shall continue to perform the duties of
> their offices until a successor has been qualified
> does not apply.'"

In an annotation to this case, 100 A.L.R. at 1164, it is stated:

"It is a well-settled rule of the common law that a person cannot at one and the same time rightfully hold two offices which are incompatible, and <u>thus, when he accepts appointment to the second office, which is incompatible, and qualifies, he vacates, or by implication resigns, the first office.</u>"

Therefore, we agree with your conclusion that when the constable accepted the appointment as a policeman of an incorporated city he vacated his office of constable and the county treasurer was unauthorized to pay him any salary as constable after he assumed the duties of city policeman. We are assuming in this opinion that the appointment to the latter office was in accordance with the charter and ordinances of the city for which he served as policeman.

The person in question can resume the office of constable only by being appointed to fill the vacancy heretofore created or by being elected to the office at the next general election.

## SUMMARY

One person cannot hold or exercise at the same time the office of constable and the office of city policeman. When a constable accepts an appointment as a policeman of an incorporated city, he vacates his former office, and the county treasurer is not authorized to pay him any salary as constable from the date of his acceptance of the latter office. Sec. 40, Art. XVI, Tex. Const.; <u>Irwin v. State</u>, 177 S.W. 2d 970 (Tex. Crim. 1944); <u>Torno v. Hochstetler</u>, 221 S.W. 623 (Tex. Civ. App. 1923); <u>Pruitt v. Glen Rose Ind. School Dist. No. 1</u>, 126 Tex. 45, 84 S.W. 2d 1004, 100 A.L.R. 1158 (1935).

APPROVED:

J.C. Davis, Jr.
County Affairs Division

Jesse P. Luton, Jr.
Reviewing Assistant

Charles D. Mathews
First Assistant

JR:mh:wc

Yours very truly,

PRICE DANIEL
Attorney General

By s/John Reeves
     John Reeves
     Assistant