

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

April 8, 1958

Honorable Glyndon M. Hague
County Attorney
Johnson County
Cleburne, Texas

Opinion No. WW-411

Re: May the Tax Assessor-
Collector of Johnson County,
acting as an agent for the
Board of Fire Commissioners
of the Johnson County Rural
Fire Prevention District,
voluntarily and without
emolument, collect the tax
provided by law for said
Rural Fire Prevention Dis-
trict after being properly
authorized to do so by said
Board of Fire Commissioners?

Dear Mr. Hague:

You have requested an opinion of this office on the
following question:

"May the Tax Assessor-Collector of Johnson
County, acting as an Agent for the Board of Fire
Commissioners of the Johnson County Rural Fire
(Prevention) District, voluntarily and without
emolument, collect the tax provided by law for
said Rural Fire (Prevention) District after being
properly authorized to do so by said Board of
Fire Commissioners?" (Parentheses ours).

The Johnson County Rural Fire Prevention District
has been established pursuant to the provisions of Section
48-d of Article III of the Constitution of Texas and Senate
Bill 372, Acts of the 55th Legislature, Regular Session,
Chapter 57, page 130. Attorney General's Opinion WW-308
(1957).

In Attorney General's Opinion WW-308 it was held
that the County Assessor and Collector of Taxes of Johnson

County did not have authority under Senate Bill 372 of the 55th Legislature to collect the tax provided for therein. It was pointed out in Opinion WW-308 that the office was not passing on the question of whether the governing board of the District could set up its own tax assessing and collection system.

The questions presented in the instant case involve:

(1) Whether the governing board of the District may provide for the assessing and collection of taxes provided for in the Act; and

(2) Whether the governing board can use the services of the Assessor and Collector of Taxes for Johnson County as agent for the collection of the tax.

Section 48-d of Article III of the Constitution of Texas provides:

"Sec. 48-d. The Legislature shall have the power to provide for the establishment and creation of rural fire prevention districts and to authorize a tax on the ad valorem property situated in said districts not to exceed Three (3¢) Cents on the One Hundred ($100.00) Dollars valuation for the support thereof; provided that no tax shall be levied in support of said districts until approved by vote of the people residing therein."

Pursuant to the above provisions, the Legislature enacted Senate Bill 372 and provided for the creation and organization of rural fire prevention districts. The pertinent provisions of the Act provide:

"Sec. 10. Such fire protection districts are hereby declared to be political subdivisions of the state, and shall have full authority to carry out the objects of their creation and to that end are authorized to acquire, purchase, hold, lease, manage, occupy and sell real and personal property or any interest therein; to enter into and to perform any and all necessary contracts; to appoint and employ the necessary officers, agents and employees; to sue and be sued; to levy and enforce the collection of taxes in the manner and subject to

the limitations herein provided against the lands
and other property within the district for the
district revenues; to accept and receive donations;
and to do any and all lawful acts required and
expedient to carry out the purposes of this Act.

"Sec. 11. Any fire protection district organ-
ized under the provisions of this Act shall further
have authority:

" . . .

"(5) To do and perform all things in its dis-
cretion proper and necessary to fully carry out the
intent of this Act.

"Sec. 12. No indebtedness shall be contracted
in any one year in excess of funds then on hand or
which may be satisfied out of current revenues for
the year. The Board of Fire Commissioners shall
annually levy and cause to be assessed and collected
a tax upon all properties, real and personal, situ-
ated within the district and subject to taxation,
in an amount not to exceed three cents (3¢) on the
One Hundred Dollars ($100.00) valuation for the
support of the district, and for the purposes
authorized in this Act.

"The values of property in the said district
shall be the same values as are shown in the county
tax rolls.

" . . .

"Sec. 15. The provisions of this Act and pro-
ceedings thereunder shall be liberally construed
with a view to effect their objects. . . . "
(Emphasis ours).

Under the provisions above quoted, it is the duty
of the governing board of the Rural Fire Prevention District
to levy and cause to be assessed and collected the taxes
provided therein. Since the governing board has the express
authority to levy and collect the taxes provided for in the
Act, it has a broad discretion to accomplish the purposes of
the Act. Bexar County v. Hatley, 136 Tex. 354, 150 S.W.2d
980 (1941). Furthermore, the Legislature has specifically

provided that the governing board shall have authority to do any and all lawful acts required and expedient to carry out the purposes of the Act and has also specifically provided that the Act shall be liberally construed with a view to effect its object. Therefore, it is our opinion that the governing board has the authority to request and receive the services of the Assessor and Collector of Taxes of Johnson County in collecting the taxes levied by the governing board; provided, of course, that the Assessor and Collector of Taxes is not prohibited from performing such services for the District.

In determining the question of whether the Assessor and Collector of Taxes is prohibited from rendering a service to the District, we must consider the provisions of Sections 33 and 40 of Article XVI of the Constitution of Texas and determine whether the services performed for the District are incompatible with the duties of the office of the County Assessor and Collector of Taxes.

Section 33 of Article XVI of the Constitution of Texas provides:

"The Accounting Officers of this State shall neither draw nor pay a warrant upon the Treasury in favor of any person, for salary or compensation as agent, officer or appointee, who holds at the same time any other office or position of honor, trust or profit, under this State or the United States, . . . " (Exceptions not applicable).

Section 33 of Article XVI of the Constitution of Texas applies only when an accounting officer of the State draws a warrant upon the Treasury in favor of a person for his salary or compensation. Attorney General's Opinions O-4628 (1942); O-7446 (1946); O-5087 (1943).

In Attorney General's Opinion O-5087 it was held that Section 33 of Article XVI of the Constitution of Texas was not applicable to a County Treasurer being employed as a teacher in the city schools, stating:

"The employment of the County Treasurer as a principal teacher in the city schools of Corsicana is undoubtedly a 'position of honor, trust and profit under this State,' but it has no application because the proposed voucher to the Treasurer is

not 'for salary or compensation as agent, officer or appointee,' whatsoever. The sum for which the warrant issues to the County Treasurer is the State's contribution to the Officers' Salary Fund of Navarro County, and the County Treasurer, in receiving and turning over to the Officers' Salary Fund the proceeds thereof, is doing so in a fiduciary capacity. The warrant should issue in the ordinary course."

It is, therefore, our opinion that Section 33 of Article XVI, Constitution of Texas, is not applicable to your question.

Section 40 of Article XVI of the Constitution of Texas provides:

"No person shall hold or exercise, at the same time, more than one Civil Office of emolument, . . . " (Exceptions not applicable).

Since the Assessor-Collector of Taxes will hold only one civil office of emolument under the facts presented, Section 40 of Article XVI is not applicable to your question.

Apart from the constitutional provisions recited herein, it is a fundamental rule that one person may not at the same time hold two offices, the duties of which are not compatible. State v. Brinkerhoff, 66 Tex. 45, 17 S.W. 109 (1886); Thomas v. Abernathy County Line Independent School District, 290 S.W. 152 (Comm. App. 1927); Pruitt v. Glen Rose Independent School District, 126 Tex. 45, 84 S.W.2d 1004 (1935).

We fail to find any incompatibility between the duties of the office of Assessor-Collector of Taxes and the service to be performed for the District. You are, therefore, advised that the governing board of the Johnson County Rural Fire Prevention District has the authority to request and receive the services of the Johnson County Tax Assessor and Collector in collecting the taxes for the District, but he is not under a legal obligation to do so.

## SUMMARY

The Board of Fire Commissioners of the
Johnson County Rural Fire Prevention

District has the authority to appoint the Assessor and Collector of Taxes of Johnson County its agent in collecting taxes for the District, and the Assessor and Collector of Taxes has authority to perform such services without compensation.

Yours very truly,

WILL WILSON
Attorney General of Texas

By John Reeves
John Reeves
Assistant

JR:jl

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman

Ralph R. Rash

W. O. Shultz

Riley Eugene Fletcher

REVIEWED FOR THE ATTORNEY GENERAL
BY:
W. V. Geppert