

# THE ATTORNEY GENERAL

## OF TEXAS

**AUSTIN 11, TEXAS**

W.AGGONER CARR
ATTORNEY GENERAL.

January 8, 1965

Honorable John Connally
Governor of Texas
Capitol Building
Austin, Texas

Opinion No. C-373

Re: Eligibility of Legislator for
appointment to another state
office under the facts stated.

Dear Governor Connally:

You have requested an opinion based on the following question:

"Where a vacancy occurs in a state office by virtue of the
resignation of an incumbent, can a member of the 58th Legis-
lature be appointed to that vacancy, after his reelection but
prior to the time he takes the oath of office as a member of
the 59th Legislature?"

The answer to the above question turns on the construction of Article
III, Section 18 of the Texas Constitution, which reads:

"No Senator or Representative shall, during the term for
which he may be elected, be eligible to any civil office of
profit under this State, which shall have been created, or
the emoluments of which may have been increased during
such term; no member of either House shall, during the
term for which he is elected, be eligible to any office or
place, the appointment to which may be made, in whole or
in part, by either branch of the Legislature; and no member
of either House shall vote for any other member for any of-
fice whatever, which may be filled by a vote of the Legisla-
ture, except in such cases as are in this Constitution provided.
Nor shall any member of the Legislature be interested,
either directly or indirectly, in any contract with the State,
or any county thereof, authorized by any law passed during
the term for which he shall have been elected. "

The critical language is that which is underlined.

This office has consistently held that any appointment which requires Senate confirmation is an appointment "made in whole or in part, by either branch of the Legislature." This is such an office. Attorney General's Opinion No. O-1092 (1939).

According to the Legislative history as set out in Volume 1, page 582, Vernon's Texas Constitution, the above quoted section of the Constitution was clearly designed to prevent the appointment of Legislators during a period of time when they could vote on the filling of an office, or, by virtue of their official position, would be able to unduly influence an appointment.

Basically, that portion of Section 18 with which we are concerned makes two requirements in order for the inhibition to become effective-- namely, (1) member of either House and (2) during the term of the office to which he is elected. If a person fails to meet either requirement, then there would be no inhibition under Section 18 which would prevent his appointment.

On the meaning of the term "member" it is well settled that if a candidate who is elected to an office fails or refuses to qualify he does not become an office holder. Flatan v. State, 56 Tex. 93. For, as Judge Pope so aptly put it, "until one qualifies or enters upon the duties of an office, he does not 'hold' office." Purcell v. Carrillo, 349 S. W. 2d 263, (Tex. Civ. App. 1961).

Although there are no Texas decisions exactly parallel to the question presented in the instant case, the Texas Supreme Court during the past year wrote several decisions interpreting Section 19 of Article III of the Texas Constitution dealing with the eligibility of other office holders, and it is to these cases that we may look to guidance for the solution of this problem. The decision most directly in point is that of the Texas Supreme Court in Lee v. Daniels, 377 S. W. 2d 618 (1964). In this case the Court held that once the person is (1) elected (2) takes his oath and (3) begins holding office, the constitutional inhibition attaches, and he is therefore rendered ineligible for the additional specified office during the term for which he is elected. In discussing whether or not the respondent Jorrie could resign from one office to seek another, the Court said:

> "When any person first qualifies for and begins holding a lucrative office under this State, the provision of the Constitution in question applies and that person is made ineligible

to the Legislature during the entire term of the office he then holds. When Jorrie was elected County Commissioner of Bexar County and qualified to and began holding such office, Article III, Section 19, Constitution of Texas, became applicable to him and said to him, 'you are not eligible to the Legislature during the term of office of County Commissioner to which you have been elected.' Nothing Jorrie did after that time can affect his eligibility. He was already ineligible to the Legislature and the subsequent act of resignation at any point of time cannot thereby make him eligible once more. We construe the constitutional provision as allowing no exceptions as to ineligibility once it has been established." (Underlining ours)

Certainly, when the term for which a Legislator has been elected has expired, there is no longer any constitutional inhibition against his appointment as the disability continues only during the term for which he was elected. See Attorney General's Opinion No. V-703 (1948). In this connection we wish to point out that a difference exists in a situation where the term has expired and the office holder, although elected for a new term has not yet qualified, and in a situation where the office holder has qualified for a new term and then seeks to resign. The cases of Lee v. Daniels, supra, and Kirk v. Gordon, 376 S. W. 2d 560 (Tex. Sup. 1964) both deal with the latter type situation in which an office holder, during the term of his office, sought to resign to seek another office. In the Kirk case, the Court said:

"... It is the fact that the term of office of district attorney to which he was elected conflicts with the term of office of members of the House of Representatives which controls."

In rejecting the argument that the terms did not overlap since it would not be necessary that he be sworn in as a member of the House of Representatives until after the first of the year, the Court said:

"When the qualified electors have cast their ballots and their votes have been canvassed, the election process is at an end and the term of office for the one receiving the highest number of votes begins, regardless of when he qualifies or whether he ever qualifies. The Constitution plainly says that the term of office of members . . . shall be two years from

the date of their election. We are not at liberty to say that
that means two years from the date the Legislature, to
which the member is elected, convenes." 376 S.W.2d, at
page 562.

Consequently, a Legislator who was reelected to office but who
has not qualified for the new term of office does not in our opinion become
a qualified member of the new Legislature by virtue of such election, as
Article XVI, Section 1 of the Texas Constitution requires him to take the
prescribed oath before he qualifies for the new term of office for which he
was elected. Only when he takes this oath does he become a qualified
member of the Legislature during the term for which he was elected and
the inhibition of Section 18 then applies. We do not feel that this construc-
tion is in conflict with Kirk v. Gordon, supra. The Court in that instance
was considering only when the term of a Legislator began, and was not
concerned with the time at which the constitutional inhibition would attach
as a result of election to this term. The Daniels case, supra, resolved
any apparent conflict by stating it was necessary for the individual to qual-
ify for an office for the inhibition to apply. (In both of these cases, the job
seeker was holding office in an existing term and was already under the
inhibition of the Constitution.) For as stated in Attorney General's Opinion
No. O-5106 (1943) until the time that he takes the oath, he is merely entitled
to the office and only upon taking the constitutional oath does he in fact be-
come a member of the Legislature.

When the term of the individual ends and his service as a Legislator
ceases, it would follow that he is eligible to assume the duties of the new
office to which he may be appointed, unless some other inhibition exists.
In this connection, the provisions of Article XVI, Section 17, Texas Consti-
tution, requiring an officer to "hold-over" until his successor has qualified,
in order to prevent vacancies, does not apply to one who elects to accept
and qualify for a second office, for as a matter of law he has vacated the
first office. Section 40 of Article XVI prohibits the holding of two public
offices at the same time by the same individual. 47 Tex. Jur. 2d pps. 63-64,
Sec. 42; State ex rel Peden v. Valentine, 198 S.W. 1006 (Tex. Civ. App.,
error ref. 1917); Pruitt v. Glen Rose I.S.D. #1, 126 Tex. 45, 84 S.W. 2d
1004 (1935); See also State v. Brinkerhoff, 66 Tex. 45, 17 S.W. 109 (1886);
Brencourt v. Parker, 27 Tex. 558.

For the sake of argument, let us assume that the subject of the
inquiry is two persons instead of just one. Suppose that A was elected to

the 58th Legislature in November, 1962, served his term and did not seek reelection; B ran to succeed A, was elected in November, 1964, but has not yet qualified by taking his oath of office nor has he begun holding this office. In this situation, would either A or B be ineligible for appointment? A would not be ineligible because the term for which he was elected has expired under Article III, Section 4 of the Constitution, and the holding of the Kirk case, supra. That term began in November, 1962 and ended in November, 1964. B is not ineligible, because under the holding of the Daniels case, supra, he has not yet qualified and has not begun holding the office and therefore, Article III, Section 18 has not yet been invoked as to him. Until he qualifies, takes his oath, and begins holding office, he is not a member of either house. Sound logic will not allow us to reach the conclusion that because A and B are the same person, that this alone would render him ineligible for the appointment. The Supreme Court of Texas has held that any constitutional provision which restricts the right to hold public office should be strictly construed against ineligibility. Willis v. Potts, et al, 377 S.W.2d 622 (Tex.Sup. 1964). We must therefore conclude that under the authorities which we have cited and the reasoning above given, that the answer to your question must be in the affirmative.

## SUMMARY

A member of the 58th Legislature who is reelected but does not qualify for his new term of office as a member of the 59th Legislature is not ineligible to be appointed to another state office because of Article III, Section 18 of the Texas Constitution.

Very truly yours,

Waggoner Carr
Attorney General

OPINION COMMITTEE:

Hawthorne Phillips
Stanton Stone
W. V. Geppert
Paul Phy
Roger Tyler