

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

February 26, 1970

Honorable Tom Curtis
District Attorney
Potter County Courthouse
Amarillo, Texas 79101

Dear Mr. Curtis:

Opinion No. M-586

Re: Whether, under the stated
facts, the mayor of Amarillo
resigned his office upon
becoming a candidate for
county judge; and related
questions.

In your recent letter to this office you state
that on February 2, 1970, Mr. J. Ernest Stroud, the incumbent
mayor of the City of Amarillo, officially filed and announced
as a candidate for the office of county judge of Randall
County, and, at that time the unexpired term of his office
as mayor exceeded one year. You request our opinion upon
the following questions:

"1. Did the incumbent mayor becoming a
candidate for Randall County Judge constitute
an automatic resignation of his office as
mayor, under the provisions of Article XI,
Section 11 of the Texas Constitution?

"2. If such did constitute an automatic
resignation, on what date did that resignation
occur?

"3. In the event that your opinion as
to question No. 1 is that no automatic resigna-
tion occurred, does the mayor's action in be-
coming a candidate for Randall County Judge
otherwise affect his tenure in office pursuant
to any other constitutional provisions or
statutes of the State of Texas?

"4. In the event your opinion as to
question No. 1 is that an automatic resigna-
tion did occur, and the City Charter provides
for the filling of the vacancy thereby created
by appointment by vote of the city commissioners,

does the procedure set forth in the third para-
graph of Article XI, Section 11 control the
manner in which the vacancy must be filled
notwithstanding any provisions of the City
Charter to the contrary?"

The authority and responsibility of this office to
render official opinions is restricted by the provisions of
Article 4399, Vernon's Civil Statutes. That article does not
confer upon this office any authority to advise cities, towns
or villages upon questions of municipal law. It has further
been the long standing policy of this office to advise those
officials, boards and agencies mentioned in Article 4399
only insofar as the facts and questions submitted relate to
their official duties, authority or responsibilities. Since
the questions you have submitted relate to municipal law, we
are authorized to advise you only in the event the answers
will in some way involve your official duties, authority or
responsibilities.

Under the provisions of Article 6253, Vernon's Civil
Statutes, district attorneys, inter alia, have authority to
institute quo warranto proceedings to determine a person's
right to occupy certain public offices, including that of
mayor of a city, town or village. Therefore, since the answers
to your questions relate to your authority under Article
6253, we will proceed to consider same.

Section 11 of Article XI of the Constitut⸳ - .⸳
Texas provides as follows:

"Sec. 11. A Home Rule City may provide by
charter or charter amendment, and a city, town
or village operating under the general laws may
provide by majority vote of the qualified voters
voting at an election called for that purpose,
for a longer term of office than two (2) years
for its officers, either elective or appointive,
or both, but not to exceed four (4) years; pro-
vided, however, that tenure under Civil Service
shall not be affected hereby.

"Provided, however, if any of such officers,
elective, or appointive, shall announce their
candidacy, or shall in fact become a candidate,
in any general, special or primary election, for
any office of profit or trust under the laws of

this State or the United States other than the
office then held, at any time wh..n the unexpired
term of the office then held shall exceed one
(1) year, such announcement or sucl candidacy
shall constitute an automatic resignation of the
office then held, and the vacancy thereby created
shall be filled pursuant to law in t ie same man-
ner as other vacancies for such office are filled.

"A municipality so providing a term exceed-
ing two (2) years but not exceeding four (4)
years for any of its non-civil service officers
must elect all of the members of its governing
body by majority vote of the qualified voters in
such municipality, and any vacancy or vacancies
occurring on such governing body shall not be
filled by appointment but must be filled by
majority vote of the qualified voters at a
special election called for such purpose with-
in one hundred and twenty (120) days after such
vacancy or vacancies occur."

Prior to the adoption of Section 11 of Article XI
at the general election in 1958, the term of office for all
city officers was limited by Section 30 of Article XVI of the
Constitution of Texas to a maximum of two years.  However,
under the plain and unambiguous language of Section 11 of
Article XI no automatic extension of the terms of office of
city officers is effectuated.  To the contrary, the authority
to extend terms of city officials under this provision is
optional and can only be exercised by a "majority vote of the
qualified voters voting at an election called for that pur-
pose."

At the present time the City of Amarillo has not
exercised the option to extend the terms of its officers
pursuant to Section 11 of Article XI, and, Article V, Section
2, of the city charter currently provides for two-year terms
for the offices of mayor and city commissioner.

It is beyond question that the second paragraph of
Section 11 of Article XI applies to city officers whose term
of office is longer than two years, and, when such an officer
becomes a candidate for any other office of profit or trust
under the laws of this State or the United States he auto-
matically resigns the city office then held.  Whether this

same provision applies with equal force and effect to city officers whose terms of office do not xceed two years is a question which lends itself to persuasive arguments upon both sides. We have concluded that the second paragraph of Section 11 of Article XI has no application other than to city officers whose terms have been extended beyond two years pursuant to the other provisions of such section.

Rules of construction for statutes apply also to the construction of constitutional provisions. 12 Tex.Jur.2d 362, Const.Law §14. In determining the extent of the application of the second paragraph of Section 11 of Article XI we must consider Section 11 of Article XI in its entirety and consider each part of the provision in relation to every other part in order to produce a harmonious whole which comports with its overall purpose. 53 Tex.Jur.2d 229-232, Statutes §160. The primary subject matter and purpose of Section 11 of Article XI is the extension of the terms of office of municipal officers beyond the two year limitation imposed by Section 30 of Article XVI. Viewing Section 11 of Article XI as a whole, we are of the opinion that it relates to one class of city officers, i.e., those whose term of office has been extended beyond two years, and that the portion which relates to the automatic resignation of one who becomes a candidate for another office has no application to city officers whose terms have not been extended beyond two years. The very language of the paragraph relating to automatic resignation lends itself logically to this application because it says "if any of such officers . . . shall ar·· ..e their candidacy, or shall in fact become a candidate , the term such officers referring to city officers whose terms of office have been extended beyond two years. Although this conclusion treats city officials with terms of longer than two years differently from those city officials with terms of two years it is not a matter which we are empowered to correct. The power to amend and change the Constitution is reposed solely in the people. Carpenter v. Sheppard, 135 Tex. 413, 145 S.W.2d 562 (1940). The apparent anomaly is not without parallel. See Hall v. Baum, Tex.Sup., opinion delivered February 16, 1970, holding that the prohibition of Section 18 of Article III of the Constitution of Texas prohibited one class of senators from being eligible to the office of governor but did not render ineligible the remainder of the members of the senate or the members of the house of representatives.

Accordingly, in answer to your first question, you

are advised that the candidacy of the mayor of the City of
Amarillo for the office of county juc're of Randall County
did not constitute an automatic resig...ition as mayor under
the provisions of Section 11 of Article XI of the Constitution
of Texas.

In view of our answer to your :irst question, no
answer is required to your second questic'.

We pass now to the question of whether, under the
facts presented, the tenure in office of the mayor of the
City of Amarillo is affected by any other constitutional pro-
vision.

You have subsequently advised us by telephone that
the charter of the City of Amarillo provides that the mayor
shall receive the sum of $10 per week and all necessary ex-
penses in the performance of his official duties. The office
of county judge entitles the holder thereof to a salary and
other specified expenses connected with such office.

Section 40 of Article XVI of the Constitution of
Texas provides in part as follows:

"No person shall hold or exercise, at the
same time, more than one civil office of emolu-
ment, except . . ."

In Willis v. Potts, 377 S.W.2d 622 (Tex.S·-  ·864),
it was held that a city councilman of the City of Fort Worth
who was entitled to $520 per year plus necessary expenses
incurred in the performance of official duties occupied a
"lucrative office under this State" within the meaning of
Section 19 of Article III of the Constitution of Texas. We
hold that the office of mayor of the City of Amarillo, which
carries with it the same salary and expenses as in the Potts
case, is a civil office of emolument within the meaning of
Section 40 of Article XVI. The term emolument as used in this
provision means a pecuniary profit, gain or advantage; the
compensation authorized to be paid for the services of the
officer. Irwin v. State, 177 S.W.2d 970 (Tex.Crim.App. 1944).
The term civil office is used and understood to distinguish
one from a military officer and covers all officers whether
their duties are executive, legislative or judicial. State
v. Mayes, 165 Tenn. 381, 54 S.W.2d 941 (1932). The office of
mayor of the City of Amarillo fits both criteria.

It must likewise be conceded that the office of county judge is a civil office of emolument within the meaning of Section 40 of Article XVI. As a consequence, one person may not at the same time hold the offices of mayor of the City of Amarillo and county judge. In the event that the mayor of the City of Amarillo is successful in his candidacy for the office of county judge of Randall County and accepts and qualifies for the latter office, such acceptance and qualification will constitute an automatic resignation of the office of mayor. The prohibition of Section 40 of Article XVI allows of no other result. State v. Brinkerhoff, 66 Tex. 45, 17 S.W. 109 (1886); Odem v. Sinton Ind. Sch. Dist., 234 S.W. 1090 (Tex. Sup. 1921); Pruitt v. Glen Rose Ind. Sch. Dist. No. 1, 126 Tex. 45, 84 S.W.2d 1004 (1935); State v. Valentine, 198 S.W. 1006 (Tex.Civ.App. 1917, error ref.).

In answer to your third question, you are advised that although mere candidacy of the mayor of the City of Amarillo for the office of county judge does not affect his tenure as mayor, because of the prohibition against dual office holding contained in Section 40 of Article XVI of the Constitution of Texas, if the mayor is elected and qualifies for the office of county judge he will automatically resign as mayor of the City of Amarillo.

No answer is required for your fourth question.

## S U M M A R Y

Section 11 of Article XI of the Constitution of Texas requiring the resignation of elective or appointive city officers upon their candidacy for any other office of profit or trust under this State or the United States applies only to those city officers whose terms of office exceed two years. Since the term of office of the mayor of the City of Amarillo has not been extended beyond two years this provision of the Constitution does not effectuate an automatic resignation as mayor upon his candidacy for county judge of Randall County.

The office of mayor of the City of Amarillo and the office of county judge are civil offices of emolument within the meaning of Section 40 of Article XVI of the Constitution of Texas. Since

Hon. Tom Curtis, page 7 (M-586,

this provision prohibits one person from holding more than one civil office of emolument, if the mayor of the City of Amarillo is elected and qualifies as county judge of Randall County, the qualification for the latter office shall ipso facto constitute a resignation of the office of mayor.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by W. O. Shultz
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Acting Co-Chairman
John Grace
Jack Dillard
Harold Kennedy
Pat Cain
John Reeves

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant