

# THE ATTORNEY GENERAL
# OF TEXAS

December 24, 1986

JIM MATTOX
ATTORNEY GENERAL

Honorable Roy Blake                         Opinion No. JM-594
Chairman
Committee on Administration                 Re:     Whether a county judge
Texas State Senate                          may also serve as director of
P. O. Box 12068                             a river authority
Austin, Texas  78711

Dear Senator Blake:

     You inquire about the legality of an elected official who serves
with pay also serving as director of a river authority.  You state
that a director of the Angelina and Neches River Authority has been
elected to the office of county judge in Cherokee County, to a term
beginning January 1, 1987.  You wish to know whether he may serve in
both positions.

     Article XVI, section 40, of the Texas Constitution provides the
answer to your question.  This constitutional provision states as
follows:

          Sec. 40.  No person shall hold or exercise at
     the same time, more than one civil office of
     emolument, except that of Justice of Peace, County
     Commissioner . . . [other exceptions not applic-
     able] unless otherwise specially provided herein.

Tex. Const. art. XVI, section 40.

     A director of the Angelina and Neches River Authority occupies a
civil office of emolument.  Management and control of the affairs of
the district is vested in the board of directors, which consists of
members appointed by the governor and confirmed by the senate.  Acts
1935, 44th Leg., ch. 97, §4 at 239; Acts 1945, 49th Leg., ch. 287 at
456  (formerly  codified  as  V.T.C.S.  art.  8280-108,  §4).   Various
governmental powers are conferred upon the directors of the river
authority, including the power to issue notes and other obligations
secured by revenues of the district.  See Acts 1935, 44th Leg., ch.
97, §§11, 14-18 at 241, 242-6.  The directors are to receive ten
dollars for each day of service necessary to carry out their duties,
provided that the service is authorized by vote of the board of
directors.  Acts 1935, 44th Leg., ch. 97, §8 at 241.  The directors of

p. 2653

the river authority exercise sovereign functions of the government largely independent of the control of others, and they receive compensation for serving. See Aldine Independent School District v. Standley, 280 S.W.2d 578 (Tex. 1955). They are therefore civil officers of emolument within article XVI, section 40, of the Texas Constitution. See also Attorney General Opinions JM-172 (1984) (directors of river authorities are not included within exemption in article XVI, section 40 for directors of soil and water conservation districts); M-45 (1967) (director of Water Control and Improvement District occupies civil officer of emolument); O-490 (1939) (director of Brazos River Conservation and Reclamation District occupies civil office of emolument).

A county judge occupies a civil office of emolument. See Tex. Const. art. V, §15, see also Attorney General Opinion V-1541 (1952); Letter Advisory No. 61 (1973). He does not fall within any of the exceptions to article XVI, section 40. County commissioners are excepted from that provision, but even though the county judge presides over the commissioners court, he occupies a distinct elective office with duties that differ from those of the four county commissioners. See e.g., Tex. Const. art. V, §§15, 18; art. XVI, §65.

Article XVI, section 40, of the Texas Constitution bars one person from serving as director of the Angelina and Neches River Authority and at the same time serving as a county judge. In this case, the individual's qualification for the office of county judge operates as a resignation from his office as director of the river authority. See State ex rel. v. Brinkerhoff, 17 S.W. 109 (Tex. 1886). The office of director thereby becomes vacant.

## S U M M A R Y

Article XVI, section 40, of the Texas Constitution prevents one person from serving as a county judge and as director of the Angelina and Neches River Authority.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General